## CAVE v. UNITED STATES.
### No. 13381.

Circuit Court of Appeals, Eighth Circuit.
Feb. 17, 1947.

Rehearing Denied March 7, 1947.

**465**

feloniously attempt to defeat and evade a large part of the income tax due and owing by him to the United States of America for the calendar year 1943

"(1) by filing and causing to be filed with the Collector of Internal Revenue * * * a false and fraudulent income tax return wherein he stated that his income tax net income for said calendar year was the sum of $8455.00; that his victory tax net income for said calendar year was the sum of $8,800.00; that the amount of income and victory tax due and owing thereon was the sum of $1,933.58, whereas, as he then and there well knew, his income tax net income for the said calendar year was the sum of $55,611.60, * * * upon which said net income he owed to the United States of America an income and Victory tax of $30,843.69; and

Walter F. Maley, of Des Moines, Iowa (Charles W. Bowers, of Des Moines, Iowa, on the brief), for appellant.

Meyer Rothwacks, Sp. Asst. to Atty. Gen. (Sewall Key, Acting Asst. Atty. Gen., J. Louis Monarch and John Lockley, Sp. Assts. to Atty. Gen., Maurice F. Donegan, U. S. Atty., of Davenport, Iowa and William R. Sheridan, Asst. U. S. Atty., of Keokuk, Iowa, on the brief), for appellee.

Before GARDNER, THOMAS, and JOHNSON, Circuit Judges.

THOMAS, Circuit Judge.

The appellant was indicted and tried upon an indictment in four counts charging separately attempts to defeat and evade federal income taxes for the years 1941 to 1944 inclusive in violation of § 145(b) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 145(b). He was acquitted by the jury on counts one and two involving income taxes for 1941 and 1942 and convicted and sentenced on counts three and four relating respectively to the taxes for 1943 and 1944, and he appeals.

The several counts of the indictment are identical in form except as to dates and amounts of income and taxes. The third count charged:

"That on or about the 15th day of March, 1944, * * * Fred C. Cave, * * * did willfully, knowingly, unlawfully and

"(2) by concealing and attempting to conceal from the said Collector and any and all proper officers of the United States the true and correct gross and net incomes received by him during the said calendar year and the sources thereof: * * *."

The fourth count charged that appellant attempted to defeat and evade his 1944 income tax by filing his return therefor on January 15, 1945, stating that his net income for the year was $788.04 and that the amount of tax thereon was $8.64, whereas he well knew that his net income for 1944 was the sum of $69,959.52 upon which net income he owed to the United States an income tax of $43,392.22.

In instruction 13 the court withdrew from the consideration of the jury paragraph numbered (2) in each count of the indictment, supra, and submitted only the means by which appellant was charged to have attemped to defeat and evade his income taxes as charged in paragraph numbered (1) in each count thereof.

Section 145 of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, § 145, so far as pertinent, is set out in the footnote.[1]

[1] § 145(a). Failure to file returns, submit information, or pay tax. Any person required under this chapter to pay any estimated tax or tax, or required by law or regulations made under authority thereof to make a return or declaration, keep any records, or supply any information, for the purposes of the computation, assessment, or collection of any estimated tax or tax imposed by this chapter, who willfully fails to pay such estimated tax or tax, make such return or declaration, keep such records, or supply such information, at the time or

The appellant's contentions on appeal are:

1. That the evidence does not support a conviction under § 145(b) of the statute because (a) the indictment fails to charge and the proof fails to establish any willful commission in addition to the willful omission to file a return or to pay a tax, (b) the offense of evasion of an income tax under § 145(b) can not be committed prior to the day on which the taxpayer is required to file his return.

2. That the court erred in the admission of expert testimony; and

3. That the instructions, although not excepted to at the time they were given, are so indefinite, uncertain, contradictory, misleading, inconsistent and prejudicial as to require reversal on review.

The theory of appellant's first contention is that the indictment as it read after the court in instruction 13 withdrew paragraph (2) of each count from the consideration of the jury attempted to charge a violation of § 145(b) for each year in question *by filing, and causing to be filed, a false and fraudulent income tax return;* that this was an insufficient allegation as a matter of law to charge an offense under § 145(b) because the indictment as it then stood charged no more than an offense under § 145(a), and would not support a judgment under § 145(b). In other words, appellant could not be convicted under § 145(b) without issue and proof of the *commission* of some act in addition to the willful *omission* to file a return which appellant claims is declared to be a misdemeanor only under § 145(a).

To support his theory thus outlined appellant relies upon the decision of the Supreme Court in Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 368, 87 L.Ed. 418. In this case Spies was convicted of attempting to defeat and evade income tax in violation of § 145(b) of the Act by failure to make a return and pay a tax although he had sufficient income during the year in question to place him under a stat-utory duty to do so. The Supreme Court reversed. The Court observed that § 145(a) makes, among other things, willful failure to pay a tax or make a return by one having sufficient income a misdemeanor, and that § 145(b) makes a willful attempt in any manner to evade or defeat any tax by a taxpayer a felony. The Court held that while a felony may include lesser offenses in combination either with each other or with other elements, Congress by the felony defined in § 145(b) meant more than the same derelictions defined in § 145(a) as a misdemeanor. The Court summarized the analysis of the statute as follows:

"Congress did not define or limit the methods by which a willful attempt to defeat and evade might be accomplished and perhaps did not define lest its effort to do so result in some unexpected limitation. Nor would we by definition constrict the scope of the Congressional provision that it may be accomplished 'in any manner'. By way of illustration, and not by way of limitation, we would think affirmative willful attempt may be inferred from conduct such as keeping a double set of books, making false entries or alterations, or false invoices or documents, destruction of books or records, concealment of assets or covering up sources of income, handling of one's affairs to avoid making the records usual in transactions of the kind, and any conduct, the likely effect of which would be to mislead or to conceal. If the tax-evasion motive plays any part in such conduct the offense may be made out even though the conduct may also serve other purposes such as concealment of other crime."

It is apparent that the Spies case does not support appellant's theory. The indictment in this case after the withdrawal of paragraph (2) of each count from the consideration of the jury did not attempt to charge a felony under § 145(b) by failure to file a return or pay a tax or by the omission or commission of any other dereliction defined as a misdemeanor in § 145(a). It charged an attempt to de-

times required by law or regulations, shall, * * * be guilty of a misdemeanor * * *.

(b) Failure to collect and pay over tax, or attempt to defeat or evade tax.

Any person * * * who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, * * * be guilty of a felony * * *.

feat and evade the tax by the positive act of willfully filing a false and fraudulent return—not a mere failure to file any return. The indictment charged that for the year 1943 appellant filed a return showing an income of $8,455 and a tax due of $1,-933.58, whereas he received an income in that year of $55,256.60 on which a tax in the amount of $30,843.69 should have been paid; and for the year 1944 he disclosed an income of only $788.04 and a tax of $8.64, whereas his income was $69,959.62 on which a tax in the sum of $43,392.22 should have been paid.

The distinction between the offenses defined in § 145(a) and § 145(b) is too clear to permit confusion. Section 145(a) denounces as a misdemeanor (1) *willful failure* to pay a tax; (2) *willful failure* to make a return; (3) *willful failure* to keep records; or (4) *willful failure* to supply information. Section 145(b), on the other hand, denounces as a felony a willful attempt *"in any manner"* to *evade or defeat any tax*. As said by the Supreme Court in the Spies case, supra, "Congress did not define or limit the methods by which a willful attempt to defeat and evade might be accomplished and perhaps did not define lest its effort to do so result in some unexpected limitation."

■ That the evidence justified a finding by the jury that appellant's income tax returns filed by him for the years 1943 and 1944 were deliberately false and fraudulent is not controverted. The record shows that appellant when his income was under investigation furnished to the Internal Revenue agents data concerning his income for the years in question showing an income tax due from him for many thousands of dollars in excess of the amount shown on the returns which he filed. The government was not required to prove more than that there was willfully unreported income to sustain a conviction under § 145(b). United States v. Johnson, 319 U.S. 503, 517, 518, 63 S.Ct. 1233, 87 L.Ed. 1546; United States v. Ragen, 314 U.S. 513, 62 S.Ct. 374, 86 L.Ed. 383; United States v. Troy, 293 U.S. 58, 55 S.Ct. 23, 79 L.Ed. 197; Gleckman v. United States, 8 Cir., 80 F.2d 394, 399, certiorari denied 297 U.S.

709, 56 S.Ct. 501, 80 L.Ed. 996; Cooper v. United States, 8 Cir., 9 F.2d 216; Murray v. United States, 8 Cir., 117 F.2d 40.

■ Appellant further contends that count 4 of the indictment is insufficient to sustain a conviction. Count 4 alleges that appellant willfully attempted to defeat and evade a large part of his 1944 income tax by filing and causing to be filed a false and fraudulent return for that year on the 15th of January, 1945. Appellant argues that since the tax was not due until March 15, 1945, there could be no criminal attempt to defeat or evade it prior to that time, unless the government proved that it had not been paid up to and including the time the indictment was returned.

■ The argument is fallacious. A taxpayer whose returns are made on the basis of the calendar year may file his return with the collector "on or before the 15th day of March following the close of the calendar year," § 53(a) (1) Internal Revenue Code, 26 U.S.C.A.Int. Rev. Code, § 53(a) (1); and the tax "shall be paid on the fifteenth day of March following the close of the calendar year," § 56(a); and it "may be paid * * * prior to the date prescribed for its payment," § 56(d). The crime denounced by § 145(b) of willfully attempting to defeat or evade the tax is complete when the taxpayer willfully and knowingly files a false and fraudulent return with intent to defeat or evade any part of the tax due the United States. Guzik v. United States, 7 Cir., 54 F.2d 618, 619, certiorari denied 285 U.S. 545, 52 S.Ct. 395, 76 L.Ed. 937; Bowles v. United States, 4 Cir., 73 F.2d 772, 774.

Appellant next contends that the court erred in admitting in evidence the testimony of government witnesses Paul J. Powers and George J. Zimmerman, called as expert witnesses to compute the income taxes of appellant for the years involved. Both witnesses are Internal Revenue agents of several years' experience. Powers had audited appellant's income tax returns and had participated in the investigation of his income for the years in question.

During the years here involved the appellant's income was derived principally

from the operation of slot machines in Moose Lodge Club rooms in five Iowa cities and from the operation of a farm. He kept no books. Discovery of his income required the checking of the books of the Moose Lodges where his slot machines were operated, investigation of his farm and other operations. The deductions allowed him for expenses consisted in large part of his own estimates. The books of the lodges and of their auditors and his bank accounts were introduced in evidence.

While an investigation of appellant's tax returns by the government was in progress appellant and the tax lawyer employed by him attended a conference with a representative of the Intelligence Unit of the Bureau of Internal Revenue. Thereafter, under date of May 15, 1945, the tax lawyer filed with the Special Agent in charge of the investigation a Statement, verified by appellant which was introduced in evidence without objection. The data disclosed in the statement, identified as Exhibit 35, will sometimes be referred to hereinafter as "admissions" by appellant. The exhibits consisting of copies of the account books of the Moose Lodges, bank accounts, and the like, together with appellant's admissions, showing in large part the income of appellant for the taxable years in question were numbered from 1 to 44 inclusive.

Appellant's criticism of the testimony of Powers and Zimmerman is that in computing his tax liability for the years in question the witnesses took into consideration some items of income not disclosed in the exhibits in evidence. The exact amount of these items is not shown by cross examination or otherwise. But both witnesses testified that their calculations were based substantially on exhibits 1 to 44. Their computations show, also, that the witnesses allowed deductions substantially in excess of those claimed by appellant in his statement, exhibit 35. Appellant did not testify, and introduced no testimony. The witness Zimmerman in response to an hypothetical question based upon appellant's admissions in exhibit 35 computed his tax liability for both years for which he was convicted. We summarize the computa-

tions of the two expert witnesses as follows:

|  | 1943. | | |
| --- | --- | --- | --- |
|  | Powers | Zimmerman | Admissions |
| Gross income | $60,241.60 | $60,061.60 | $54,314.35 |
| Deductions | 4,985.00 | 4,958.00 | 4,960.00 |
| Net income | $65,256.60 | $55,103.60 | $49,354.35 |
| Tax liability | $30,843.69 | $30,705.73 | $26,379.48 |
|  | 1944. | | |
| Gross income | $93,309.06 | $92,987.52 | $90,092.30 |
| Deductions | 23,349.44 | 24,870.44 | 19,954.44 |
| Net income | $69,959.62 | $68,117.08 | $70,137.86 |
| Tax liability | $43,392.22 | $43,131.84 | $43,536.50 |

A comparison of these computations discloses that the tax computed by both witnesses for the year 1944 was less than the tax computed upon appellant's admissions.

The criticism of the expert testimony is without merit. No exception was saved to the clear and correct instruction of the court on the weight to be accorded the expert testimony. In United States v. Johnson, 319, U.S. 503, 519, 63 S.Ct. 1233, 87 L.Ed. 1546, the Supreme Court held that the admission of testimony of an expert witness regarding income and expenditures of one accused of violating § 145(b), consisting of computations based upon substantially the entire evidence in the record, was not error, where all the issues, as in this case, are left to the independent determination of the jury.

Further, the amount of the tax which it was charged the appellant attempted to defeat and evade was not of the gist of the offense, and the court so instructed in substance. Gleckman v. United States, 8 Cir., 80 F.2d 394, 401. It is not necessary that the government prove an evasion of all the tax charged. Tinkoff v. United States, 7 Cir., 86 F.2d 868, 878; United States v. Ragen, 314 U.S. 513, 526, 62 S.Ct. 374, 86 L.Ed. 383; Rose v. United States, 10 Cir., 128 F.2d 622; Wiggins v. United States, 9 Cir., 64 F.2d 950; United States v. Miro, 2 Cir., 60 F.2d 58. The appellant was in no way prejudiced by the admission of the expert testimony. The admitted excess of his income and of the tax due the government over the amounts set out in his returns would support the jury's finding that he willfully attempted to defeat and evade his

taxes by filing false and fraudulent returns. This is especially true when it is remembered that although he did not keep books he knew that he had a much larger income than he reported for tax purposes and that even though he had forgotten the exact amount of his receipts means were easily available to him to find out from the Moose Lodges the amounts paid to him during the year as rental on his slot machines. In any event the question was for the jury to determine.

Finally, the appellant complains that instructions 10, 11, 13, and 14 were so indefinite, inconsistent and prejudicial as to require reversal, although no exceptions were taken at the trial.

As indicated in the assignment of error no exceptions to these instructions were saved by appellant. Rule 30 of the Rules of Criminal Procedure, effective March 21, 1946, 18 U.S.C.A. following section 687, provides that "No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." Notwithstanding this rule, in criminal cases involving life or liberty of a defendant an appellate court may notice plain and seriously prejudicial error in the trial even though not assigned as error. Harper v. United States, 8 Cir., 143 F.2d 795, 803. Rarely, however, will a trial court's judgment be reversed for failure to give instructions in the absence of a seasonable request or exception, Yoffe v. United States, 1 Cir., 153 F.2d 570, 576; Stassi v. United States, 8 Cir., 50 F.2d 526, and then only if the failure to instruct constitutes a basic and highly prejudicial error. Joyce v. United States, 8 Cir., 153 F.2d 364.

In the instant case we find no prejudicial error in the instructions such as to require reversal or extended consideration. Instructions 10 and 11 related to counts 3 and 4 of the indictment and charged the jury that the burden rested upon the government to establish beyond a reasonable doubt the material allegations of the indictment, enumerating them. These instructions are correct. Gleckman v. United States, 8 Cir., 80 F.2d 394; United States v. Schenck, 2 Cir., 126 F.2d 702; Guzik v. United States, 7 Cir., 54 F.2d 618.

Instruction 13 withdrew paragraph (2) of each count of the indictment and as to the manner of evading and defeating the tax submitted the case on paragraph (1) thereof. Appellant again contends that by so doing the court submitted only the question of violation of § 145(a). We have discussed and disposed of this criticism supra, in connection with the discussion of appellant's first contention.

As to instruction 14, appellant says the trial court therein advised the trial jury that something more must be proven than had been submitted by it in instructions 10 and 11. This contention arises from a misapprehension of the meaning and application of the instruction and a failure to consider the instructions as a whole. The instruction merely explains the measure and quality of proof necessary to establish willfullness of the appellant as that term is defined in instruction 7. It adds nothing to the burden imposed upon the government in instructions 10 and 11. Even if it did augment the burden resting upon the government in the trial of the issues it is difficult to understand how the appellant was prejudiced thereby. The proof in any event abundantly supports the verdict of the jury.

For the foregoing reasons the judgment appealed from is affirmed.