**CURRIER et al. v. UNITED STATES.**

No. 4246.

Circuit Court of Appeals, First Circuit.

Feb. 27, 1948.

Richard C. Sheppard, of Boston, Mass., for appellants.

Meyer Rothwacks, Sp. Asst. to Atty. Gen. (Theron L. Caudle, Asst. Atty. Gen., George A. Stinson, Sp. Asst. to Atty. Gen., and William T. McCarthy, U. S. Atty., and Joseph M. Hargedon, Asst. U. S. Atty., both of Boston, Mass., on the brief), for appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

PER CURIAM.

Harold C. Currier and the Currier Lumber Co., Inc., have appealed from convictions for attempting to defeat and evade federal taxes.

Harold Currier owned 75% of the stock of the Currier Lumber Company. He was president and treasurer of the company and a director. The remaining 25% of the stock was held by his wife. In 1943 and 1944 numerous checks, given in payment for sales of lumber by the corporation and made payable to the Currier Lumber Company were received by Harold Currier, endorsed by him with the legend "Currier Lumber Co. H.C. Currier" and deposited by him in his personal account. No account of the receipt of these checks appears on the corporation books. Harold Currier in making the corporate tax returns and his individual tax returns for the years 1943 and 1944 did not include these checks in either the corporation's or his gross income. In one indictment Harold Currier and the Currier Lumber Company were charged with wilfully attempting to defeat and evade federal taxes in violation of § 145(b) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 145(b), by filing false and fraudulent corporation tax returns for the years 1943 and 1944. In the other indictment Harold Currier was charged under the same statute with wilfully attempting to defeat and evade federal taxes by filing false and fraudulent personal tax returns for the years 1943 and 1944. The defendants waived jury trial and were found guilty on all counts by the district court. 70 F.Supp. 219. This appeal followed.

In regard to the first indictment the defendants claim that even if the corporation should have included the checks in its gross income it was entitled to a deduction for "embezzlement" by Currier so that its net income was correctly reported. This contention is without merit. The trial court found that part of the money taken by Currier was a constructive dividend. Certainly the corporation is entitled to no deduction for dividends paid. As for the rest of the money, the corporation is entitled to no deduction since it has a cause of action against Currier for that amount if it be regarded as borrowed or embezzled or taken without right. If it be regarded merely as a return of capital to a stockholder, then, of course, the corporation is entitled to no deduction.

The defendants also contend in regard to the first indictment that Harold Currier's wilful concealment of the facts in making out the corporation's return can not be charged to the corporation. The argument is that he was acting against the interests of the corporation so his acts are not imputed to the corporation. This contention ignores the fact that Currier was the president, treasurer, a director and owner of at least 75% of the stock of the corporation. The remaining 25% was held by his wife, who had received it as a "gift" from him. She has never received dividends on it and she has exercised no dominion or power over it. The district court found that Harold Currier was the actual owner of the remaining 25% but even if this finding be disregarded, we think it clear that he was acting for and not against the interests of the corporation. Here an essentially individual ownership business is being run in a corporate form. The owner can hardly be considered to be acting against his own interests. The corporation cannot escape responsibility because of the corporate form.

The district court apparently based the conviction on the second indictment on alternative theories. We think the first theory that Harold Currier received a constructive dividend which he was under no obligation to repay is sufficient to uphold the conviction. There is no inconsistency in the Government's position that only part of the money Harold Currier received was a taxable dividend, since dividends are only taxable if paid out of earnings and profits. Any further amounts he received in excess of the corporation's earnings and profits can either be considered as return of capital or money wrongfully taken, and thus not taxable as dividends. Since the Government's position is based upon the dividend theory, and this theory was approved by the district court, there is no need for us to consider that court's alternative theory. Nor can Currier escape liability by contending that he is an embezzler within the scope of Commissioner v. Wilcox, 1946, 327 U.S. 404, 66 S.Ct. 546, 90 L.Ed. 752, 166 A.L.R. 884; the district court expressly found that he did not intend to embezzle from his own corporation.

In short the case is one of an individual attempting to evade taxes on himself and on his corporation. No purpose would be served by a further review of the evidence or the defendants' contentions.

The judgments of conviction were proper and are affirmed.