## LOCKE v. UNITED STATES.
### No. 12051.

Circuit Court of Appeals, Fifth Circuit.

March 5, 1948.

Rehearing Denied March 31, 1948.

James H. Martin, of Dallas, Tex., Thomas Y. Banks, of Tyler, Tex., and James S. Grisham, of Dallas, Tex., for appellant.

William P. Fonville, Asst. U. S. Atty., of Dallas, Tex., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Newton Samuel Locke was charged in an indictment containing ten counts with filing and causing to be filed false and fraudulent tax returns, and thereby attempting to conceal and evade income taxes due and owing to the United States. The first six counts set forth willful attempts to evade and conceal individual income taxes due from himself and wife for the years 1942, 1943, and 1944. The last four counts charge attempted evasion of income taxes for the years 1943, and 1944, due and owing to the United States from three corporations, shown to be wholly owned and controlled by appellant.

The case was tried to a jury and appellant was found guilty on all ten counts. He was sentenced, under the first six counts, to serve five years imprisonment and to pay a fine of $25,000; under the last four counts he was sentenced to serve another term of five years imprisonment, with his sentence under the last four counts to run consecutively with the sentence imposed under the first six counts.

The evidence shows that appellant Locke, a man of wealth and enterprise, acquired in the year 1940 a one-half interest in a corporation later known as the A A A Air Conditioning and Manufacturing Corporation of Texas. Later, he formed a number of other purported corporations, and an alleged partnership and trust. These subsidiary corporations and companies were supposedly formed for the purpose of meeting competition and minimizing corporate tax liability, and were known as the A A A Roofing Corporation, A A A Plumbing Corporation, A A A Building Corpo-

ration, A A A Engineering Corporation, and the A A A Finance Company, a partnership. Locke filled the key positions of these newly formed corporations with dummy stockholders and puppets, including relatives and minor employees who received only meager salaries, and had no authority or responsibility commensurate with their positions. Appellant soon bought out the owner of the other fifty per cent interest in the various A A A enterprises, and thereafter they were at all times subject to his complete domination and control. Under his direction, they made substantial profits in subcontracting building and construction work of army bases during World War II. The evidence shows conclusively that appellant, during this period, in order to conceal his true income for tax purposes, resorted to various ingenious and nefarious schemes and subterfuges. He made his twenty-one year old· nephew a co-partner in his A A A Finance Company. The nephew received a small salary, performed only minor clerical and bookkeeping duties, and never received any of the profits. Appellant, nevertheless, reported one-half of the partnership income and profits as that of his nephew and alleged co-partner. He and his wife also established the N. S. Locke Trust No. 1, purporting to be an irrevocable trust in favor of his wife and niece. He transferred the A A A Building Corporation stock and building to this trust. Thereafter, he sold the building for $54,000 and pocketed the proceeds, later giving one-half to his wife. He never reported this amount received as a taxable dividend, and later dissolved the trust, giving the niece $10 as her share. Appellant further paid his employees a fictitious bonus for the purpose of concealing his taxable income by padding the books with a deductible expense item. He drew corporation checks in large sums payable to his employees, designating them as bonus salary. At his direction, the employees immediately endorsed the checks in blank and returned them to the company, after which they were run through the company's bank account. Locke then had his employees report the amount of the fictitious bonus as their individual income, and the company then paid the amount of tax due there-on for them, after which the entire bonus was set up on the books of the company as a deductible expense from taxable income. The employees were advised that stock or bonds would be issued to them in the amount of the unpaid bonus, but neither the stock nor the bonus was ever delivered to them. Appellant also was shown to have reported taxable income for a high tax year to be that of the prior low tax year. He would further report directors' meetings of his alleged corporations which were never held, and thereupon write fictitious minutes of the purported meetings which he would later have signed by the corporation officers who were supposed to have attended them. The appellant was shown to have expressed the hope that his books "got scrambled up to where nobody could ever tell anything about them." In each of these instances, Locke was shown to be acting as alter ego, or in fact, the corporation itself.

■ We find no merit in appellant's contention that the trial court erred in refusing to grant his motion for continuance. It was shown that appellant was aware of the investigation out of which this case arose as early as 1944; that after an exhaustive audit made in that year appellant was advised by his chief accountants that he was not reporting his income in accordance with the law, and that he owed the government $232,000 in unreported taxes. Moreover, fifty-nine days elapsed from the date of the return of the indictment to the date of appellant's trial. It becomes manifest that the trial court did not abuse its discretion in overruling this motion. Morris v. United States,· 5 Cir., 123 F.2d 957; Hart v. United States, 5 Cir., 112 F.2d 128; Isaacs v. United States, 159 U.S. 487, 16 S.Ct. 51, 40 L.Ed. 229.

■ As to the sufficiency of the indictment, we need only add that in a charge of attempted evasion of the tax of another by the accused, by means of filing and causing to be filed false and fraudulent returns, no allegation of duty or agency is necessary. United States v. Troy, 293 U.S. 58, 55 S.Ct. 23, 79 L.Ed. 197.

■ Nothing in Section 145(d), and Section 52 of Title 26, U.S.C.A. Int.Rev.

Code, or in the case of Burford Oil Co. v. C. I. R., 5 Cir., 153 F.2d 745, may be construed so as to exempt from punishment anyone who actively endeavors to evade a tax. Title 26, U.S.C.A. Int.Rev.Code, § 145(a), (b), and (c).

The oral charge of the trial court covered fully and fairly every essential phase of the case. The written charges requested by appellant and refused by the court were either erroneous, or were contained in substance in other charges given.

This is not a case involving mere lawful tax avoidance, as was found by the court in Nicola v. United States, 3 Cir., 72 F.2d 780. Here, the evidence points unerringly to the guilt of the defendant. Spies v. United States, 317 U.S. 492, 63 S. Ct. 364, 87 L.Ed. 418.

We find no reversible error in the record, and the judgment is therefore affirmed.