**UNITED STATES of America v. Andrew A. AUGUSTINE, Appellant.**

**No. 10329.**

United States Court of Appeals Third Circuit.

Argued Jan. 2, 1951.

Decided March 30, 1951.

Rehearing Denied April 20, 1951.

John M. Smith, Jr., Philadelphia, Pa., for appellant.

James C. Bowen, Asst. U. S. Atty., Philadelphia, Pa. (Gerald A. Gleeson, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge and MARIS and HASTIE, Circuit Judges.

PER CURIAM.

This is a companion case to No. 10,328, United States of America v. Augustine, 3 Cir., 188 F.2d 359, in which a *per curiam* opinion has been filed concurrently with this. In the instant case the appellant asserts a new defense which in substance is that he may have embezzled funds from the corporation of which he and his brother, Salvatore, were the owners and that therefore under the doctrine of Commissioner of Internal Revenue v. Wilcox, 327 U.S. 404, 66 S.Ct. 546, 90 L.Ed 752, he cannot be convicted for failure as a corporate officer to report corporate income under Section 145(b) of the Internal Revenue Code, 29 U.S.C.A. § 145(b). He does not use the blunt word "embezzled", as we have done, but insists rather that the

United States was required to prove that he was innocent of the misappropriation of funds from his own corporation if he was to be proved guilty of violation of the Revenue Code.

The Wilcox decision held that embezzled funds do not constitute taxable income to the embezzler. That principle has no application here. See United States v. Currier Lumber Company, D.C., 70 F.Supp. 219, affirmed, Currier v. United States, 1 Cir., 166 F.2d 346. Rather the doctrine of United States v. Troy, 293 U.S. 58, 62, 55 S.Ct. 23, 24, 79 L.Ed. 197, suggests the answer here. In that case the Supreme Court, citing Section 701 of the Revenue Act of 1928, 45 Stat. 878, now Section 145(d) of the Internal Revenue Code, 26 U.S.C.A. § 145(d), defining "person", stated that there was "* * * no legislative purpose to exempt from punishment one who actively endeavors to defeat a tax.", whatever his relation to the corporation may be. The jury in the instant case could not have found that the appellant embezzled funds from his own corporation. But there was ample evidence from which the jury could have found that the appellant deliberately understated the corporation's income and that the Corbetta checks endorsed by the corporation by the hand of the appellant were received by the corporation.

The judgment of conviction will be affirmed.