## UNITED STATES v. BAHCALL.
### No. 53 CR 181.

United States District Court
N. D. Illinois.

Sept. 14, 1953.

Otto Kerner, Jr., U. S. Atty., Chicago, Ill., for U. S.

Robert J. Downing, Chicago, Ill., for defendant.

HOFFMAN, District Judge.

The defendant, Louis S. Bahcall, has moved to dismiss the indictment in this case, which involves alleged evasion of income taxes due and owing by the Western Supply and Furnace Company, a corporation. The motion is based principally on the omission of the Government to specify in the indictment Bahcall's specific capacity, relationship or connection with the defendant corporation. Bahcall also alleges that the indictment is defective in that it does not allege sufficient facts to constitute an indictable offense by the individual defendant and that the indictment does not set forth sufficient facts to show the existence of all the elements which under Section 145 (b), 26 U.S.C.A., are necessary to constitute an indictable offense. The defendant avers further that the indictment is defective because it does not state the means by which he attempted to defeat and evade part of the tax due.

Subsection (b) was intended to cover *any* person who wilfully attempts to evade a tax. The statute undoubtedly was meant to cover not only derelict officers and employees but all others who attempt to evade taxes. It is therefore not essential that the capacity of the individual defendant be alleged. Certainly the omission of the characterization does not render the indictment fatally defective. United States v. Troy, 293 U.S. 58, 55 S.Ct. 23, 79 L.Ed. 197; Locke v. United States, 5 Cir., 166 F.2d 449.

As to the other grounds for dismissal raised by the defendant, reference is made to the case of Guzik v. United States, 7 Cir., 54 F.2d 618, certiorari denied 285 U.S. 545, 52 S.Ct. 395, 76 L.Ed. 937, where it was held that an indictment charging the filing of a return showing income less than that actually received was properly drawn under the statute punishing a wilful attempt to evade tax; and in Capone v. United States, 7 Cir., 56 F.2d 927, it was held that an indictment need not specify the means whereby the defendant attempted to evade or defeat income tax. Again, in

United States v. Miro, 60 F.2d 58, it was held that the particular means employed in an attempt to evade income tax need not be alleged in an indictment for such an offense. Also, in the case of United States v. Mangiaracina, D.C.Mo., 92 F. Supp. 96, it was held that an indictment charging, inter alia, the concealing of the defendant's true gross and net income for a specified year was sufficient against a motion to dismiss.

: The motion of the defendant, Louis S. Bahcall, to dismiss the indictment is denied.