**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 93-2190
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

HOUSTON M. WISENBAKER, JR.,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

(February 9, 1994)

Before WISDOM, JOLLY, and JONES, Circuit Judges.

WISDOM, Circuit Judge.

> Excise:  A hateful tax levied upon commodities, and
> adjudged not by the common judges of property, but
> wretches hired by those to whom excise is paid.
> *Samuel Johnson's Dictionary* (1755)

A jury found Houston M. Wisenbaker, Jr., a purveyor of diesel fuels, guilty of two counts of attempting to evade federal excise taxes in violation of I.R.C. § 7201.  On this direct appeal, he challenges the sufficiency of the evidence to support his convictions and some of the district court's evidentiary rulings and jury instructions.  He also complains that the district court improperly

allowed an amendment to or variance from the terms of the indictment.  Because we find no merit to Wisenbaker's challenges, we AFFIRM.

## I.

Houston M. Wisenbaker, Jr., bought diesel fuel tax free and resold it through four companies he owned or controlled.  He sold the fuel to several different retailers at prices the buyers found surprisingly cheap.[1]  Perhaps influenced by Johnson's low opinion of excise taxes, Wisenbaker had devised a scheme to reduce his costs of doing business.  Unfortunately for him, an IRS investigation revealed that Wisenbaker's lower prices stemmed not from superior efficiency or economies of scale, but from the simple expedient of failing to render unto Caesar those things due unto him.  Wisenbaker's invoices to some of the retailers represented that the price he charged them included the required federal and state excise taxes on diesel fuel.  In fact, however, neither Wisenbaker nor any of his businesses paid the required federal excise taxes for the second and third quarters of 1986.  Many of the companies who purchased fuel from Wisenbaker also failed to file federal excise tax returns.

Wisenbaker was charged with two counts of attempted tax evasion.[2]  In the district court, he admitted failing to file the

_____

[1] 5 Rec. 351-53 (trial transcript vol. 2).

[2] I.R.C. § 7201.  Because the federal excise tax returns were required to be filed quarterly, each of the two quarters in which Wisenbaker failed to do so constituted a separate offense. See United States v. Minker, 312 F.2d 632, 636 (3d Cir. 1962), cert. denied, 372 U.S. 953 (1963).

required tax returns, but raised as a defense his good faith belief that he was not responsible for filing them because he was not a retailer.  The district court instructed the jury that Wisenbaker's belief that he was not responsible, even if unreasonable, was a defense to the charges against him if held in good faith.[3]  The jury found Wisenbaker guilty of both counts of attempted tax evasion, and the district court sentenced him to five years on each count, to run concurrently.  Wisenbaker appealed.

II.

A.  *Sufficiency of the Evidence*

Wisenbaker first challenges the sufficiency of the evidence to support his convictions.  When reviewing a jury verdict for sufficiency of the evidence, we ask whether a reasonable jury could have found each element of the offense beyond a reasonable doubt, viewing the evidence in the light most favorable to the verdict.[4] Tax evasion is a felony of three elements:  (1) a tax deficiency, (2) an affirmative act constituting an evasion or attempted evasion of the tax, and (3) willfulness.[5]  Wisenbaker challenges the

---

[3] 2 Rec. 361-62; see Cheek v. United States, 498 U.S. 192 (1991).

[4] United States v. Charroux, 3 F.3d 827, 830-31 (5th Cir. 1993).  We apply this standard instead of the more deferential "manifest miscarriage of justice" standard because Wisenbaker preserved his sufficiency challenge by moving for a directed verdict of acquittal.  See id. at 831 n.5.

[5] United States v. Sallee, 984 F.2d 643, 646 (5th Cir. 1993).

sufficiency of the evidence on the second and third elements.  We shall address each element in turn.

1.  Affirmative Evasive Acts

Wisenbaker contends on this appeal that "there was not a scintilla of evidence that Houston M. Wisenbaker, Jr. didn't pay all of the federal excise taxes in question".[6]  That is not precisely the issue in this case:  Wisenbaker is charged not only with evading his own taxes but also those of his customers.[7]  We shall deal with Wisenbaker's objection, though, on his own terms.

We begin by noting that Wisenbaker conceded at trial that he had failed to file quarterly excise tax returns.[8]  There is also evidence in the record that Wisenbaker took great pains to conceal his financial dealings.  He conducted his business affairs mostly in cash.  He hired Rebecca Morgan as secretary-treasurer of one of his companies but would not allow her to set up accounting records for the company.  When Morgan attempted to set up accounts-receivable records, Wisenbaker destroyed them.[9]  When state authorities asked Wisenbaker about state fuels taxes he owed, he

---

[6] Brief of Appellant at 28.

[7] See part II.B, infra at 8-9.

[8] In his opening statement, Richard Kuniansky, the defendant's lawyer, said:  "We don't dispute that Mr. Wisenbaker never filed any federal excise tax returns on a quarterly basis.  He didn't".  4 Rec. 44 (trial transcript vol. 1).

[9] 4 Rec. 53-54 (trial transcript vol. 1).

4

began shredding boxes of documents.[10]  There is ample evidence from which a reasonable jury could have concluded beyond a reasonable doubt that Wisenbaker took affirmative acts to attempt to evade payment of federal excise taxes.

2.  Willfulness

Wisenbaker asserts that his good faith belief that he was not responsible for paying the taxes negates the element of willfulness the government must prove to convict him.   To obtain a felony conviction for tax evasion the government must prove the defendant's specific intent to defeat or evade payment of a tax; a mere showing of willful failure to file a return is insufficient.[11]  The government must prove "that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty".[12]  A defendant's belief that he is not liable for a tax, if held in good faith, is a defense to a finding of willfulness even if the belief is unreasonable.[13]

Many of the actions listed above under "Affirmative Evasive Acts" also constitute evidence of Wisenbaker's willfulness.  To defend against the abundance of proof of willfulness in the record, Wisenbaker interposes his alleged good faith belief that the retailers to whom he sold were liable for payment of all federal

---

[10] Id. at 56-59.

[11] United States v. Doyle, 956 F.2d 73, 75 (5th Cir. 1992).

[12] Cheek, 498 U.S. at 201.

[13] Id. at 203.

excise taxes and he was not liable.  He bases this on his interpre-

tation of the applicable Treasury regulation at the time of his

offenses.  At that time, the regulation read, in part, as follows:

> The sale of diesel fuel to an owner, lessee, or other operator of a diesel-powered highway vehicle, . . . is considered a taxable sale of the liquid fuel if--
>     (i) The liquid fuel is delivered by the seller into a bulk supply tank (or other container) that is not the fuel supply tank of a vehicle . . .; and
>     (ii) The *purchaser furnishes a written statement to the seller* before or at the time of the sale stating that the entire quantity of the liquid fuel covered by the sale is for a taxable purpose as a fuel in such a vehicle . . . .
> *If the purchaser fails to provide the written statement required by paragraph (a)(2)(ii) of this section, the purchaser is liable for the tax* on the later taxable sale or use.[14]

The tax that would otherwise have fallen on the seller of the

diesel fuel (i.e. Wisenbaker), therefore, falls instead on the bulk

purchaser unless the purchaser furnishes a written statement to the

seller.  The government proved at trial that some of the retailers

who bought fuel from Wisenbaker furnished him with written

statements of their desire to purchase the fuel with taxes

included.  Nevertheless, Wisenbaker contends that the regulation

implicitly requires the government to prove also that he

(1) received the statements, and (2) accepted the tax liability

after receiving the statements.  We shall dispatch his second

proposed element first because it is the more frivolous and worthy

of decisive rejection.  Tax liability is not imposed by contract

between the seller and buyer of diesel fuel; there is no "offer"

---

[14] 26 C.F.R. § 48.041-5(a)(2) (1986) (emphasis added).

6

the taxpayer must "accept" before liability attaches.  Tax liability attaches by operation of law whether the taxpayer "accepts" it or not.

As to Wisenbaker's first purported element, we need not decide whether the government must prove Wisenbaker received the statement because there is ample evidence in the record from which a reasonable jury could have concluded that he did.  Several of the companies to whom Wisenbaker sold diesel fuel provided his companies with written statements clearly stating their desire that Wisenbaker pay the applicable tax and include it in the selling price of his fuel.[15]  Wisenbaker's companies responded by sending some of the buyers letters assuring the buyers that taxes on the diesel fuel had already been paid.[16]  The acknowledgements by Wisenbaker's companies are consistent with his having received the written statements required by the regulation.  There is also

_____

[15] A few examples listed in the appellant's own brief, at 10-11, should suffice.  Great Western Trucking Co., Inc:  "This letter will serve as your authorization to collect both federal and state taxes on the fuel we buy from you.  It is our policy to buy all fuel with taxes in".  Bright Truck Leasing:  "In the future no invoice will be paid until we get an invoice on each shipment that shows the amount of state and federal tax broken out as a separate figure from the total invoice".  H.E. Butt Grocery Co.:  "I, William M. Moynahan, duly authorized hereby request ABCO Energy Inc., 806 Berwin St., Houston, Texas to charge 15 cents federal excise tax on all our diesel fuel purchases".

[16] ABCO Energy, one of Wisenbaker's companies, made the following statement in response to a request from Bright Truck Leasing:  "This is an official statement from ABCO Energy to Bright Leasing Company that taxes on all fuels sold to Bright Leasing Company from ABCO Energy are paid".  Appellant's Brief at 10.  ABCO Energy made the same statement to Haskins Trucking Co. Id. at 13.

7

evidence in the record of written statements being mailed and hand delivered to Wisenbaker's businesses. We conclude that a reasonable jury could have found that Wisenbaker received written statements from his customers instructing him to pay the applicable federal excise taxes. Accordingly, we need not decide whether that additional requirement is implied in the regulation Wisenbaker relies on.

*B.    Constructive Amendment to or Variance from the Indictment*

Wisenbaker next urges that the district court permitted the prosecution to amend constructively the indictment during the trial, a per se reversible error.[17] Alternatively, he contends that the proof adduced at trial varied from the allegations in the indictment, which would constitute reversible error if he was prejudiced by the variance.[18] We reject both of Wisenbaker's theories because both are based on the same misreading of the indictment.

Wisenbaker contends that the indictment charged him only with evading <u>his own</u> taxes, and that the proof that he assisted others (i.e. his customers) in evading their taxes constituted an

---

[17] <u>Stirone v. United States</u>, 361 U.S. 212, 215-17 (1960).

[18] <u>See</u> <u>United States v. Jackson</u>, 978 F.2d 903, 911 (5th Cir. 1992), <u>cert</u>. <u>denied</u>, ___ U.S. ___, 113 S. Ct 2429, 124 L. Ed. 2d 649, ___ U.S. ___, 113 S. Ct. 3055, 125 L. Ed. 2d 739 (1993). "A variance . . . exists when the evidence establishes facts different from those alleged in the indictment". <u>United States v. Bryan</u>, 896 F.2d 68, 73 (5th Cir.), <u>cert</u>. <u>denied</u>, 498 U.S. 824, 498 U.S. 847 (1990).

amendment or variance.[19]  We do not find the language of the indictment susceptible to the restrictive reading Wisenbaker wishes to impose on it.  The relevant portion of both counts of the indictment charges that:

> [T]he defendant HOUSTON M. WISENBAKER, JR., did knowingly, willfully, and unlawfully attempt to evade and defeat federal excise taxes . . . by making and causing to be made false invoices; by using numerous entities to conceal the purchase of tax-free diesel fuel; by dealing in currency and cashier's checks; by failing to make a Quarterly Federal Excise Tax Return, Form 720, . . . as required by law, with any proper officer of the Internal Revenue Service; and by other means.[20]

The indictment contains no terms restricting it to an allegation that Wisenbaker failed to pay his own taxes.  It fairly encompasses the government's theory that Wisenbaker also violated I.R.C. § 7201 by evading any taxes his customers owed but did not pay because of Wisenbaker's false assurances that he had already paid the taxes. The proof adduced at trial constituted neither a variance from nor an amendment of the terms of the indictment, and the district court did not err in admitting it.

*C.    The "Deliberate Ignorance" Jury Instruction*

We noted above that willfulness is an essential element of felony tax evasion.  Wisenbaker next contends that the district

---

[19] Wisenbaker does not dispute, and in fact concedes, that one who assists in the evasion of another's taxes can be found guilty of an I.R.C. § 7201 violation.  See, e.g., United States v. Troy, 293 U.S. 58 (1934).

[20] 3 Rec. 1-2.

9

court diluted the prosecution's burden of proving willfulness by giving the following jury instruction:

> The fact of knowledge or willfulness may be established by direct or circumstantial evidence. The element of knowledge or willfulness may be satisfied by inferences drawn from proof that a defendant closed his eyes to or acted in deliberate ignorance of what would otherwise have been obvious to him. A showing of negligence or mistake is not sufficient to support a finding of willfulness or knowledge.[21]

Wisenbaker timely objected to the instruction. Therefore, we review his challenge using the standard of "whether the court's charge, as a whole, is a correct statement of the law and whether it clearly instructs jurors as to the principles of law applicable to the factual issues confronting them".[22]

A "deliberate ignorance" instruction has the potential to confuse the jury, because it allows them to find "willfulness" without finding that the defendant was "aware of the existence of illegal conduct".[23] For that reason, "the instruction should rarely be given".[24] A deliberate ignorance instruction is "properly given only when [the] defendant claims a lack of guilty knowledge and the proof at trial supports an inference of deliberate indifference".[25]

_____

[21] 2 Rec. 362.

[22] United States v. Cartwright, 6 F.3d 294, 300 (5th Cir. 1993) (emphasis, internal quotations, and citation omitted).

[23] Id. at 301 (internal quotation omitted); see also United States v. Ojebode, 957 F.2d 1218, 1229 (5th Cir. 1992), cert. denied, ___ U.S. ___, 113 S. Ct. 1291, 122 L. Ed. 2d 683 (1993).

[24] Cartwright, 6 F.3d at 301 (internal quotation omitted).

[25] Id. (internal quotation omitted).

10

The district court's instruction in this case was appropriate. First, the core of Wisenbaker's defense at trial was his contention that he lacked the necessary willful mental state. Although he did not testify,[26] his attorney's opening statement centered on Wisenbaker's mental state defense.[27] On direct examination, Patricia Luden, the defense's only witness, testified at length about the basis for Wisenbaker's belief that he was not responsible for the taxes involved in this case.[28] Second, the evidence plainly supports an inference of deliberate indifference. Wisenbaker chose not to file federal excise tax returns even after his bookkeepers, including Ms. Luden, brought to his attention his duty to do so. Because both parts of the test quoted above were met, the district court did not err in giving the deliberate ignorance jury instruction.[29]

D.   *Admission of Wisenbaker's Prior State Convictions*

Wisenbaker failed to pay Texas state taxes on diesel fuel and was twice convicted by the courts of that state.[30]   The district

---

[26] Cf. id.

[27] 4 Rec. 37-38 (trial transcript vol. 1).

[28] 6 Rec. 449-50 (trial transcript vol. 3).

[29] Because we hold that the district court did not err, we need not reach the government's argument that any error was harmless.  But see Cartwright, 6 F.3d at 301, holding that: "Error in giving the deliberate ignorance instruction is also harmless where there is substantial evidence of actual knowledge".

[30] See, e.g., Wisenbaker v. State, 860 S.W.2d 681 (Tex. App.--Austin 1993, writ requested), upholding conviction but

11

court allowed the prosecution to introduce evidence of Wisenbaker's two prior state convictions for failing to pay excise taxes on diesel fuel, over Wisenbaker's Fed. R. Evid. 404(b) objection. We review the district court's admission of the convictions over a 404(b) objection under a heightened abuse of discretion standard.[31]

United States v. Beechum[32] calls for a two-part evaluation of the admissibility of evidence over a Rule 404(b) objection.

> First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of rule 403.[33]

The district court properly admitted the prior convictions at issue here. The government correctly urges that the prior state convictions are relevant to an issue other than Wisenbaker's character--specifically, that they are relevant to the element of willfulness and tend to negate Wisenbaker's assertion that he had a good-faith belief that he was not obligated to pay the taxes.[34]

---

remanding for resentencing.

[31] United States v. Carrillo, 981 F.2d 772, 774 (5th Cir. 1993).

[32] 582 F.2d 898 (5th Cir. 1978) (en banc), cert. denied, 440 U.S. 920 (1979).

[33] Id. at 911 (footnote omitted).

[34] Both the state and federal offenses required proof that Wisenbaker intentionally or knowingly engaged in the prohibited conduct of tax evasion. Compare I.R.C. § 7201 with Tex. Tax Code Ann. § 153.404(a). "Once it is determined that the extrinsic offense requires the same intent as the charged offense and that the jury could find that the defendant committed the extrinsic

12

The probative value of the prior convictions outweighed the danger of unfair prejudice to Wisenbaker, so we conclude that the district court did not abuse its discretion in admitting them into evidence.

*E.    Prosecutorial Misconduct*

Wisenbaker next argues that the following remarks made in the prosecutor's opening statement constituted an improper comment on his refusal to testify:

> Now, you may hear testimony from the defendant that he believed he that he wasn't the responsible party for filing excise tax returns.  Well, when you see those statements, the statements clearly say that the excise tax will be collected by Mr. Wisenbaker's company.  Those letters were sent to his company.
> Secondly, you may hear the defendant believed he wasn't liable at all because the fuel was going to ships.[35]

After the prosecutor concluded his opening statement, Wisenbaker's attorney moved for a mistrial on the grounds that the quoted text constituted an improper comment on the defendant's refusal to testify.  The district court overruled the motion.  We review the grant or denial of a mistrial for abuse of discretion.[36]

Wisenbaker casts the prosecutor's statement as a comment on his failure to testify.  We disagree.  The context of the statement plainly reveals that the prosecutor was merely outlining the

---

offense, the evidence satisfies the first step under rule 404(b)".  Beechum, 582 F.2d at 913.

[35] 4 Rec. 32 (trial transcript vol. 1).

[36] United States v. Willis, 6 F.3d 257, 263 (5th Cir. 1993).

strategy he expected the defense to follow and highlighting its weaknesses.[37]  Any error was immediately cured by the district court's lengthy address to the jury at the conclusion of the prosecution's opening statement[38] and by its jury instruction

---

[37] To determine whether a statement by the prosecution constituted an improper comment on a defendant's refusal to testify, we ask whether "the prosecutor's manifest intention was to comment on the accused's failure to testify [or] was . . . of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify". United States v. Dula, 989 F.2d 772, 776 (5th Cir.) (quoting United States v. Smith, 890 F.2d 711, 717 (5th Cir. 1989)), cert. denied, ___ U.S. ___, 114 S. Ct. 172 (1993).  "However, the comments complained of must be viewed within the context of the trial in which they are made".  Id.

[38] Upon overruling the defendant's motion for a mistrial, the district court made the following statement to the jury:

> Ladies and gentlemen, [the government's] counsel made a statement during his opening which may have been taken by you as an indication that Mr. Wisenbaker will be testifying.  I want to caution you and to instruct you again that Mr. Wisenbaker has absolutely no duty to testify and you are not to hold it against him or to consider that in any way as to whether or not he is guilty or not guilty of the crimes that are charged against him in the indictment.  He has an absolute right under the Constitution of the United States not to testify and that is not to be held against him by the jury and I want you to keep that in mind at all times.  I don't know whether he is going to testify and counsel for the government doesn't know whether he is going to testify and any remarks counsel for the government may have made that might lead you to expect Mr. Wisenbaker will testify, you should put that it out of your mind entirely.  It is up to Mr. Wisenbaker's attorney to determine whether or not Mr. Wisenbaker will testify.  He has an absolute right not to testify if he chooses not to do so.

4 Rec. 34-35 (trial transcript vol. 1).

14

restating the defendant's absolute right not to testify.[39]  We find no abuse of the district court's discretion.

*F.   Rebecca Morgan's Testimony*

Finally, Wisenbaker alleges that the district court erred in denying his motion for a mistrial after Rebecca Morgan, Wisenbaker's employee, testified on direct examination that Wisenbaker "had been in some trouble in Louisiana".[40]  Wisenbaker challenges that statement under Fed. R. Evid. 404(b), contending that it constituted inadmissible evidence of his bad character.  We agree that the statement was not relevant to any issue other than Wisenbaker's bad character and was for that reason inadmissible. The district court's error in admitting it, however, was harmless. Although the district judge "didn't hear anything that made me think she was talking about criminal trouble", she offered to give

---

[39] 2 Rec. 370.

[40] The colloquy that led up to the statement Wisenbaker complains of was as follows:

> Q.   Can you tell the members of the jury the approximate time that this took place when he asked you to become secretary-treasurer of Tejas?
> A.   I believe, if I remember correctly, it was late June of 1986.
> Q.   Did you become an officer of the company?
> A.   Yes, sir, I did.
> Q.   To your knowledge, was Mr. Wisenbaker an officer of the company?
> A.   He was not.
> Q.   Do you know why not?
> A.   *Well, he said he had been in some trouble in Louisiana.*

4 Rec. 50-51 (trial transcript vol. 1) (emphasis added).

a curative jury instruction nonetheless.  Wisenbaker refused.  The government's counsel stated that he had not intentionally elicited the statement.[41]  The government did not elaborate on the comment, and made no further mention of "trouble in Louisiana".  We find no abuse of the district court's discretion in denying a mistrial.

We AFFIRM the judgment of the district court.

--------

[41] See 4 Rec. 51-52 (trial transcript vol. 1).