## UNITED STATES v. HALL.
### Criminal Action No. 7088.

District Court, D. Connecticut.

Nov. 30, 1943.

See, also, 52 F.Supp. 798.

Robert P. Butler, U. S. Dist. Atty., of Hartford, Conn., Thomas J. Dodd, Jr., Sp. Asst. to Atty. Gen., and Meyer Rothwacks, of Washington, D. C., for the United States.

William Fox Geenty, of New Haven, Conn., for defendant.

SMITH, District Judge.

On July 6, 1943, an indictment was returned by the May Term 1943 Grand Jury against the defendant in three counts. charging in the first count that defendant wilfully attempted to evade and defeat $25,010.14 of his individual income tax for the calendar year 1936; in the second count, that defendant wilfully attempted to evade and defeat $3,936.73 of his individual income tax for the calendar year 1937; on the third count, that defendant wilfully attempted to evade and defeat $995.26 of his individual income tax for the calendar year 1938.

To the indictment, defendant filed a motion to quash and a plea in bar, setting forth in each, first, that the indictment was not found within six years next after the alleged crimes or offenses alleged therein were committed; and, second, that the first count of the indictment was not found within six years next after the alleged crime or offense alleged therein was committed.

Defendant also filed a motion to compel the United States to make more specific designated items of income and deduction in all the counts of the indictment by setting forth "the computation and basis upon which" it was alleged that various items set forth in each count of the indictment formed part of the true income of the defendant.

Defendant also filed a motion to compel the prosecution to elect to try one separate and distinct substantive offense or group of connected offenses set out in the indictment. It would appear from the argument on this motion that the end sought is a requirement that the prosecution proceed either on indictment No. 7088, charging wilful attempts to evade individual income taxes, or upon indictment No. 7090, charging wilful attempts by the defendant to evade corporation income and excess profits taxes.

### The Motion to Compel Election.

■ Taking up first the motion last mentioned, it is obvious from a reading of the indictments that the crimes charged are separate and distinct offenses. Those of No. 7088 involve the tax due from defendant as an individual, those of No. 7090 the

tax due from the corporation, of which defendant is an officer. Both, however, charge offenses which are of the same class of transaction. There appears no reason why the trial of one set of crimes as set forth in the one indictment should prevent the trial of the other set of crimes charged in the other indictment. Moreover, the counts are not so many in number, nor so diverse in the principles of law applicable, that a jury is likely to become confused in considering the proof relating to the counts of the indictments so that separation for trial is to be considered essential. There are three counts involving the individual income taxes of defendant Almon B. Hall, which necessarily involve evidence concerning the allocation of payments from the corporation to him during the years in question, 1936 through 1938. The same is true of indictment No. 7089 against Louis C. Hall, which also involves three counts and refers to the same years. The indictment No. 7090 against Almon B. Hall and Louis C. Hall charges in the first four counts wilful attempts to evade and defeat portions of the income and excess profits taxes of the Hall Bros. Hatchery, Incorporated, for the calendar years 1937, 1938, 1939, and 1940 respectively, and in the fifth count a conspiracy to wilfully attempt to evade and defeat these taxes for these calendar years. The crimes charged, the wilful attempts to evade and defeat the individual income taxes, to evade and defeat the corporate taxes, and conspiracy to wilfully attempt to evade and defeat the corporate taxes are of the same class of crimes or offenses. The indictments show that each count involves subject matter closely related to that of the other counts. Splitting the indictments up by requiring election would subject each defendant to at least two, and possibly eight, separate trials, necessarily of some little length, in each of which a good deal of the evidence involved in one or more of the other trials necessarily would be repeated. In this situation, election will not be required. 18 U.S.C.A. § 557; Tinkoff v. United States, 7 Cir., 1936, 86 F.2d 868, 876; United States v. Sullivan, 2 Cir., 1938, 98 F.2d 79. The motion to compel the prosecution to elect is denied.

### The Motion for Bill of Particulars.

■ The motion for bill of particulars seeks the computation and basis upon which various items have been determined. This is clearly an effort to obtain the evidence upon which the government bases its charges. The indictment sets forth the items and amounts which the government claims go to make up the true income of the defendant for each of the years in question. The defendant is put upon notice as to the nature, amount, and source of each of the items of income which the government claims were received by him during the calendar years in question, the tax upon which he is accused of wilfully attempting to evade. The indictment is sufficiently specific to protect him against any danger of double jeopardy through a subsequent similar charge involving wilful attempt to evade the taxes for the same periods. Furthermore, the itemization is sufficient notice of the charges against which he must prepare his defense. To require more than has been set forth in these indictments would force the government to detail its evidence to an extent not considered necessary under our present criminal procedure. United States v. Wexler, D.C.S.D.N.Y.1933, 6 F.Supp. 258; Id., 2 Cir., 1935, 79 F.2d 526. The motion for bill of particulars is, in all respects, denied.

### The Motion to Quash and Plea in Bar.

■ The motion to quash and the plea in bar are both based on a contention that more than six years have elapsed since the date established by law for the filing of tax returns for the calendar year 1936; that is to say, the indictment having been returned on July 6, 1943, was more than six years after March 15, 1937, and, therefore, barred by the statute of limitations. This assumes that the crime charged must have been complete on March 15, 1937. However, the crime charged is not a false return on March 15, 1937, nor a failure to make a return on that date, but rather a wilful attempt to evade the tax for the calendar year 1936 by means of an act which took place on September 15, 1937, within the six-year period prior to indictment—the filing of an alleged false and fraudulent return on that date. Whether we consider the crime charged as a continuing crime as contended by the government, completed by the last action taken by the defendant to carry out the alleged purpose to evade, in this count, the filing of the return on September 15, 1937 (see United States v. Johnson, 1943, 319 U.S. 503, 515, 63 S.Ct. 1233), or whether we consider that the single act of filing a re-

798

turn known to be false for the purpose of evading the tax is in itself a separate offense under the statute, the allegations of the first count sufficiently set forth a violation of the statute by means of the filing of the allegedly false and fraudulent return on September 15, 1937 within the six-year period. The motion to quash is denied, and the plea in bar overruled.