**BARROW v. UNITED STATES.**

No. 12276.

United States Court of Appeals Fifth Circuit.

Dec. 17, 1948.

Rehearing Denied Jan. 10, 1949.

Nathan R. Graham and Paull E. Dixon, both of Tampa, Fla., for appellant.

H. S. Phillips, U.S.Atty., of Tampa, Fla., for appellee.

Before HUTCHESON, SIBLEY, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

Appellant was convicted on both counts of an indictment charging him with attempting to defeat and evade a large portion of the income tax due and owing by him for the fiscal years ending March 31,

1942, and March 31, 1943, respectively, by filing and causing to be filed with the United States Collector of Internal Revenue for Florida false and fraudulent income tax returns for those years. By stipulation of counsel a schedule was placed in evidence for the fiscal year ending March 31, 1942, which showed that the total amount of the gross sales of the Appellant was $177,330.79, and for the fiscal year ending March 31, 1943, such sales of the Appellant were $139,300.24. The income tax return of the Appellant for the year ending March 31, 1942, showed total net sales of $150,041.64. The return for the fiscal year ending March 31, 1943, showed as total net sales $116,219.99. In these returns the Defendant referred to his sales as "total net sales." From the amount of his gross sales Defendant claimed that he had deducted certain payments made to ship captains as gratuities or kick-backs in the nature of bribes to induce them to purchase ship supplies from him, and had returned the net amount after such deductions. These alleged payments to ship captains were not such as were allowable as legal deductions from his income or as a part of the legitimate cost of his sales, and he apparently resorted to the device of reporting less sales than he had actually made so as thereby to take credit for these alleged outlays. The jury was not impressed with this explanation or else it found that the amount claimed to have been paid out to ship captains, even if added to the amount of net sales reported, fell short of the actual amount of his gross sales in each year.

Defendant failed to keep books but relied upon invoices, checks, and the like. The jury found the Defendant guilty on both counts. He was sentenced to imprisonment for three years.

It will be kept in mind that Defendant was charged with attempting to evade income taxes by filing false and fraudulent income tax returns. The evidence clearly shows that the Defendant's gross sales were greatly in excess of the sales reported in his income tax return for each of the two years. There is evidence by an accountant, whom the Defendant had employed to prepare his income tax returns, to the effect that he had called the discrepancies to the Defendant's attention but that Defendant had disregarded this in the making and filing of the returns in question. Appellant contends that in order to make out a case against him it was necessary to show: (1) That a tax was due and owing; (2) that Defendant attempted to evade a part of the tax by willfully filing a false and fraudulent return, knowing that it was false and fraudulent.

We think the Government presented evidence showing that the making and the filing of the returns by the Defendant were with knowledge that the amount of his gross sales was therein largely understated, and that the returns were made and filed after Defendant had been informed by his accountant of the true amount of such gross sales. Such evidence, we think, was sufficient to make out a prima facie case under the indictment, and thereafter it was not the burden of the United States to make proof of facts which Defendant knew or should have known, relating to the amount of his profits and net income for such years.

The evidence in this case was sufficient to sustain the jury's verdict. We find no reversible error in the record.

Affirmed.