### UNITED STATES v. CROESSANT.
### No. 14629.

United States District Court
E. D. Pennsylvania.

June 13, 1949.

Thomas J. Curtin, Asst. U. S. Attorney, Philadelphia, Pa., for plaintiff.

Thomas D. McBride, David Berger, and William J. Duiker, all of Philadelphia, Pa., for defendant.

BARD, District Judge.

In May 1948 the defendant was indicted on four counts, one for each year from 1942 to 1945 inclusive, for wilfully and knowingly attempting to defeat and evade a large part of his income tax for those years, in violation of Section 145(b) of the Internal Revenue Code.[1] On January 3, 1949, a jury trial having been waived, I tried the defendant and found him guilty as charged. Defendant now appears before me on his motion for judgment of acquittal.

Defendant's contention is that a wilful omission to include taxable income in a tax return is only a passive neglect of a statutory duty and does not constitute the felony denounced in Section 145(b). Spies v. United States, 317 U.S. 492, 499, 63 S.Ct. 364, 87 L.Ed. 418.

However, when a wilful omission is made in the tax return combined with the deliberate intent to defeat or evade the tax, as in this case, then it would seem that the defendant's actions are more than a passive neglect of the statutory duty. Such a combination of wilful omission and deliberate intent to evade the tax constitutes the positive attempt that lifts the offense to the degree of felony as denounced by the provisions of Section 145(b). Careful analysis discloses that such a finding, as I made orally in announcing a verdict of

---

[1] § 145(b) Failure To Collect And Pay Over Tax, Or Attempt To Defeat Or Evade Tax.—Any person required under this chapter to collect, account for, and pay over any tax imposed by this chapter, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution. 53 Stat. 63, 26 U.S.C.A. § 145(b).

guilty, is not inconsistent with the principles enunciated in Spies v. United States, supra; Cave v. United States, 8 Cir., 159 F.2d 464, certiorari denied 331 U.S. 847, 67 S.Ct. 1732, 91 L.Ed. 1856, rehearing denied 332 U.S. 786, 68 S.Ct. 34, 92 L. Ed. 369; Jones v. United States, 5 Cir., 164 F.2d 398; and Barrow v. United States, 5 Cir., 171 F.2d 286.

The defendant's motion for judgment of acquittal is denied.