## UNITED STATES v. CROESSANT.

### No. 10040.

United States Court of Appeals
Third Circuit.

Argued Nov. 11, 1949.

Decided Nov. 28, 1949.

Rehearing Denied Dec. 28, 1949.

———◆———

Thomas D. McBride, Philadelphia, Pa. (David Berger, Philadelphia, Pa., William J. Duiker, Philadelphia, Pa., and Paul D. Edelman, Reading, Pa., on the brief), for appellant.

Thomas J. Curtin, Philadelphia, Pa. (Gerald R. Gleeson, Philadelphia, Pa., on the brief), for the United States.

Before MARIS, GOODRICH and O'CONNELL, Circuit Judges.

GOODRICH, Circuit Judge.

Defendant in this appeal disputes the correctness of his conviction for wilfully and knowingly attempting to defeat and evade the payment of income taxes for the years 1942 to 1945 inclusive. A jury was waived and trial was had to the court. He found the defendant guilty on all four counts, each count involving one of the years in question.

The appeal presents but a single legal point. That point, however, is an important one. Defendant earnestly contends that proof of what he did does not sustain a conviction under Section 145(b) of the Internal Revenue Code.[1] Violation of this subsection is a felony. At most he says the facts show possible liability under some other subsection of Section 145. But this conviction cannot be sustained for violation of some other such section because the defendant was specifically charged under Section 145(b).

What the defendant did and did not do can be briefly stated. There is no dispute that defendant is in a legitimate business and there is no charge that his books presented any substantial inaccuracies. But his income tax return for the years in question grossly failed to include all the income received and also charged up certain sums as expenses which were not incurred. The trial court found that the defendant was guilty of a deliberate attempt to defeat or evade the tax and the defendant does not contend that there is not evidence which justifies such a finding.

The defendant's principal reliance for his argument that what he did is insufficient to support conviction of a felony under Section 145(b) is the decision in Spies v. United States, 1943, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418. In that case the Supreme Court held that the taxpayer's failure to file a return he was lawfully required to file did not subject him to conviction under Section 145(b). Now, the taxpayer says, if one subject to the tax is not guilty of a felony as described in Section 145(b) by failing to file a return at all, a fortiori he cannot be guilty of the felony by filing a false return.

We do not think this argument is correct. A man who files no return has made no misrepresentation. He has simply failed to do what the statute requires him to do. But the man who files a wilfully false return has endeavored to mislead his government. He creates the appearance of having complied with the law, whereas his neighbor who has filed no return does no such thing. Not only has he created the appearance of complying, but that apparent compliance stands a good chance of remaining unattacked, for the tax authorities cannot possibly audit every taxpayer's return every year. There is substance, we think, in distinguishing between failing to file a return and knowingly filing a false one. There is also good common law analogy for such a distinction both in the tort rules regarding liability for deceit and in criminal law rules regarding liability for obtaining money under false pretenses. The law has always distinguished between failing to disclose useful information and making a disclosure which is a lie.[2]

The Court in the Spies case uses language which we think creates a strong inference that the distinction made here is correct. Speaking of the language used

1. 26 U.S.C.A. § 145(b): "Any person required under this chapter to collect, account for, and pay over any tax imposed by this chapter, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution."
It will be noted that appellant in his brief summarizes Section 145 as follows:
"Section 145(a) prescribes as a penalty for the willful failure to return income or to pay tax a fine of not more than $10,000.00 or imprisonment for not more than one year or both. This offense is a misdemeanor.
"Section 145(b) prescribes as the penalty for the willful attempt to defeat or evade the tax a fine of not more than $10,000.00 or imprisonment for not more than five years or both. This offense is a felony.
"Section 145(c) does not prescribe a specific penalty except to provide that any individual who willfully makes and subscribes a return which he does not believe to be true and correct as to every material matter, shall be guilty of a felony, and upon conviction thereof shall be subject to [the] penalties prescribed for perjury. * * *"

2. Prosser, Torts 722 (1941); Restatement, Torts § 873; 1 Wharton, Criminal Law §§ 167–174, 12th Ed. 1932.

by Congress the Court says: "It may well mean something more as applied to non-payment of a tax than when applied to failure to make a return." 317 U.S. at page 497, 63 S.Ct. at page 367, 87 L.Ed. 418. Again, it is said "we would not without the clearest manifestation of Congressional intent assume that mere knowing and intentional default in payment of a tax where there had been *no willful failure to disclose the liability* is intended to constitute a criminal offense of any degree." 317 U.S. at page 498, 63 S.Ct. at page 367, 87 L.Ed. 418. (Italics added.) Again, "The difference between the two offenses, [145(a) and 145(b)] * * * is found in the affirmative action implied from the term 'attempt,' as used in the felony subsection." Ibid. In that subsection the Court thought that "Congress intended some willful commission in addition to the willful omissions that make up the list of misdemeanors." 317 U.S. at page 499, 63 S.Ct. at page 368, 87 L.Ed. 418.

The Eighth Circuit has passed twice upon this question. The proposition decided in the first case [3] was restated in the latest case [4] in language hardly to be improved upon for concise clarity. Here it is said: "The crime denounced by § 145(b) * * * is complete when the taxpayer willfully and knowingly files a false and fraudulent return with intent to defeat or evade any part of the tax due the United States." [5]

The view thus expressed is the correct one. It fits in, we think, with the point of view taken by the Supreme Court in the Spies case and it gives that effect to the congressional language which we think was meant by the use of the phrase "in any manner" in Section 145(b).

The judgment of the District Court will be affirmed.

3. Cave v. United States, 8 Cir., 1947, 159 F.2d 464, certiorari denied, 331 U.S. 847, 67 S.Ct. 1732, 91 L.Ed. 1856.

4. Myres v. United States, 8 Cir., 1949, 174 F.2d 329.

5. 174 F.2d at page 334. Two cases from the Fifth Circuit have been cited and discussed by counsel on each side. The first

is Jones v. United States, 1947, 164 F.2d 398. In that case the court ordered a new trial because the first one had not been fairly conducted. There is a paragraph at the conclusion of the court's opinion which may create a little doubt with regard to what was in its collective mind. That doubt is eliminated by the later decision in Barrow v. United States, 1948, 171 F.2d 286.