**UNITED STATES v. PANNELL.**

No. 9988.

United States Court of Appeals, Third Circuit.

Argued Nov. 11, 1949.

Decided Nov. 28, 1949.

Rehearing Denied Dec. 28, 1949.

David Berger, Philadelphia, Pa. (Thomas D. McBride, Francis X. McClanaghan, Philadelphia, Pa., on the brief), for appellant.

Thomas J. Curtin, Philadelphia, Pa. (Theron Lamar Caudle, Assistant Attorney General, James M. McInerney, Ellis N. Slack, Rufus D. McLean, Special Assistants to the Attorney General, Gerald A. Gleeson, United States Attorney, Philadelphia, Pa., on the brief), for the United States.

Before MARIS, GOODRICH and O'CONNELL, Circuit Judges.

GOODRICH, Circuit Judge.

The defendant was convicted in the District Court of a violation of Section 145(b) of the Internal Revenue Code, 26 U.S.C. A. § 145(b). He makes three points in his argument for reversal. We shall discuss them in order.

1. The first point has to do with the question of what acts constitute a crime punishable as a felony by the terms of Section 145(b). The identical question was raised and discussed in United States v. Croessant, 3 Cir., 178 F.2d 96, decided this day. The discussion of the legal question there found is equally applicable to this case. The adverse answer there given to the defendant's argument governs the situation here.

2. The defendant complains that certain instructions to the jury which he asked for were not given. The instructions submitted by the defendant were not completely accurate, we think, but that difficulty could easily have been removed by editing. They emphasized certain phases of the evidence.[1] Our question, however, is not whether it would have been improper to give the charge requested. The question is a wider one: did the Judge's charge, taken as a whole, cover the points adequately and present to the jury the questions which they had to decide? The Judge's charge in this case is detailed and thorough. On the question of the defendant's guilt, he told them, "you will determine whether, if and to the extent that his tax returns were false, he knew them to be false and, by means of them willfully and knowingly attempted * * * to defeat a large part of the * * * tax * * * owed by him to the United States * *." He brought the same problem before them more than once in varying language. He gave them definitions of "knowingly" and "wilfully." We think the jury could not possibly have been misled if they followed directions. The defendant's requests, emphasizing as they did, certain phases of the evidence were not demandable as a matter of right. The court had already told the jury that they were to consider all the relevant facts and circumstances.

3. Defendant complains that the court refused to admit testimony that his wife, who had been jointly indicted with him, had entered a plea of nolo contendere. He agrees with the rule that such an admission of guilt by an alleged joint offender would not be evidence against him. Toner v. United States, 3 Cir., 1949, 173 F.2d 140. But he says that he may offer, on his own behalf, the fact of his co-defend-

[1.] The complaint is especially made for failure to charge on defendant's points 9, 10, 11 and 12. They are as follows:

"9. Before the defendant can be convicted of the offenses charged in the indictment the jury must find some affirmative wilful act on his part.

"10. If the jury believe that the defendant devoted his whole time to the farming part of his business and left all the accounting and money matters solely to his wife, the fact that his income was in excess of the amount shown in the income tax returns would not, in and of itself, be evidence of an affirmative wilful act on his part.

"11. If the jury believe that the defendant relied on the assumption that his wife maintained accurate records of all accounting and money matters connected with his business, and that she submitted these records to the accountant to prepare the income tax returns, the fact that the returns did not disclose his true income would not, in and of itself, be an affirmative wilful act on his part.

"12. If the jury believe that the defendant relied on the assumption that the returns were prepared by the accountant from records furnished to him by his wife, the fact that he subscribed them without examination would not, in and of itself, be evidence of an affirmative wilful act on his part."

ant's admission of guilt to establish lack of it in himself. His argument works the nolo contendere plea pretty hard. Just what is involved in the plea is shrouded in some doubt.[2] It appears that the plea was left in present Rule 11 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., to preserve a sometimes useful device by which a defendant may admit his liability to punishment without being embarrassed in other proceedings.[3]

But even if we should treat the plea of nolo contendere as a plea of guilty for the purposes of discussion here, the District Judge was still right. The fact that Mrs. Pannell may have admitted that she was guilty did not prove that her husband was not guilty also. This is not a case where admission or proof of guilt by one is inconsistent with guilt of another.[4] See Bacon v. State, 1944, 147 Tex.Cr.App. 605, 183 S.W.2d 177.

The judgment of the District Court will be affirmed.

2. See discussion by Mr. Justice Stone in Hudson v. United States, 1926, 272 U.S. 451, 47 S.Ct. 127, 71 L.Ed. 347.

3. New York University School of Law Institute—Proceedings, Vol. 6, pp. 187–188 (1946).

4. See 1 Wigmore on Evidence 573, 3d Ed. 1940.