# UNITED STATES v. EHRLICH.

## UNITED STATES v. FISHER.

### Nos. 16522, 16526.

United States District Court
E. D. Pennsylvania.

April 15, 1952.

Gerald A. Gleeson, U. S. Atty., Philadelphia, Pa., for plaintiff.

John B. Leake, and Robert L. Trescher, Philadelphia, Pa., Dilworth, Paxson, Kalish & Green, Philadelphia, Pa., for defendants.

McGRANERY, District Judge.

Each of the two defendants in these cases has been indicted on three counts under Sec. 145(b) of the Internal Revenue Code, 26 United States Code, § 145(b).[1] It is charged in Counts I and III of the bills that each defendant willfully and knowingly attempted to defeat and evade part of the income tax due and owing by him to the United States for the calendar years 1945 and 1947 by filing with the Collector of Internal Revenue for the First Internal Revenue Collection District of Pennsylvania false and fraudulent returns covering those years. It is further charged, in Count II of each indictment, that as to the year 1946, each defendant attempted to evade a large part of the tax due both by submitting to the person preparing the respective returns false and fraudulent books and records and by failing to file any tax return whatever.

The present motion by the defendants seeks the dismissal of Count I of each indictment, pleading in bar the statute of limitations fixed by the Internal Revenue Code for the bringing of criminal prosecu-

tions. The pertinent portion of that statute, Sec. 3748(a) of the Internal Revenue Code, 26 U.S.C.A. § 3748(a) reads:

"§ 3748. Periods of limitation

"(a) Criminal prosecutions. No person shall be prosecuted, tried, or punished, for any of the various offenses arising under the internal revenue laws of the United States unless the indictment is found or the information instituted within three years next after the commission of the offense, except that the period of limitation shall be six years—

\* \* \* \* \* \*

"(2) for the offense of willfully attempting in any manner to evade or defeat any tax or the payment thereof, \* \* \*."

The indictment in each case was found on February 15, 1952.

The defendants filed income tax returns for the calendar year 1945 on or about January 15, 1946. The returns were executed upon Form 1040, the so-called long form, and defendants certified them as true, correct and complete. They were prepared by an accountant for defendants, and bear date of January 11, 1946 on the originals signed by such accountant. These returns were the only returns for the calendar year 1945 submitted by defendants, and were filed on January 15, 1946, to avoid penalties that would otherwise accrue by reason of defendants' failure, in the Declaration of Estimated Tax for 1945, to gauge the sum to be paid by them with anything like precision: the estimated tax in each case was less than one-third of the total tax liability ultimately reported.

Defendants made part payment of the amount of tax due for 1945 as calculated in the returns submitted by them by delivery of bonds of the United States Treas-

1. "§ 145. Penalties
   \* \* \* \* \*

   "(b) Failure to collect and pay over tax, or attempt to defeat or evade tax. Any person required under this chapter to collect, account for, and pay over any tax imposed by this chapter, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution."

ury, remitting the balance by check. In each case, the check bears date of January 14, 1946, the Collector's endorsement of January 30, 1946.

Whether Count I of the indictments can stand depends upon which of two dates is taken as the date of the commission of the offense charged therein: January 15, 1946, when defendants *in fact* filed their returns for the year 1945, or March 15, 1946, the *last permissible date* for such filing. The indictments charge that it is the latter date that is the date of the offense. The Government urges that consequently the statute of limitations is no bar to prosecution, since only five years and eleven months from the date of the alleged crime had elapsed at the time that the grand jury found the indictments. With this contention the Court cannot agree. The crime, if any, was committed on the filing of the returns on January 15, 1946; and prosecution is barred by the statute.

The decision in Cave v. United States, 8 Cir., 1947, 159 F.2d 464, certiorari denied 331 U.S. 847, 67 S.Ct. 1732, 91 L.Ed. 1856, is dispositive of the instant motion. There, the fourth count of the indictment had charged defendant with attempting to defeat and evade tax for the year 1944 by filing a false and fraudulent return on January 15, 1945. On appeal, defendant contended that since his tax payment was not due *until* March 15, 1945, there could be no criminal attempt to defeat or evade it prior to that time. The Court rejected that argument in these words, 159 F.2d at page 467:

"*The argument is fallacious.* A taxpayer whose returns are made on the basis of the calendar year *may file his return with the collector 'on or before* the 15th day of March following the close of the calendar year,' § 53(a) (1) Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 53(a) (1); and the tax 'shall be paid on the fifteenth day of March following the close of the calendar year,' § 56(a); *and it 'may be paid * * * prior to the date prescribed for its payment,'* § 56(d). *The crime denounced by § 145(b) of willfully attempting to defeat or evade the*

*tax is complete when the taxpayer willfully and knowingly files a false and fraudulent return with intent to defeat or evade any part of the tax due the United States.* Guzik v. United States, 7 Cir., 54 F.2d 618, 619, certiorari denied 285 U.S. 545, 52 S.Ct. 395, 76 L.Ed. 937; Bowles v. United States, 4 Cir., 73 F.2d 772, 774." (Emphasis added.)

The Court of Appeals for this Circuit approved the quoted statement in United States v. Croessant, 3 Cir., 1949, 178 F.2d 96, certiorari denied, 1950, 339 U.S. 927, 70 S.Ct. 626, 94 L.Ed. 1348, although it must be pointed out that the question there involved was not the same as that in the case at bar. Defendant there urged, unsuccessfully, that proof of what he had done would not sustain a conviction for felony under Sec. 145(b) of the Internal Revenue Code, since the United States Supreme Court, in Spies v. United States, 1943, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418, had held that the failure to file the required return would not support such a conviction. Hence, he argued, *a fortiori,* filing a false return could be no graver offense than omission to file any return. In the course of its opinion, in sketching out the distinction between a mere default and a willful misrepresentation, the Court of Appeals declared, 178 F.2d at page 98:

"The Eighth Circuit has passed twice upon this question. The proposition decided in the first case was restated in the latest case in language hardly to be improved upon for concise clarity. Here it is said: 'The crime denounced by § 145(b) * * * is complete when the taxpayer willfully and knowingly files a false and fraudulent return with intent to defeat or evade any part of the tax due the United States." [Footnotes omitted.]

The view of the law taken in the Cave opinion also finds support in 9 Cyclopedia of Federal Procedure, Second Edition, § 3781, where it is said:

"Ordinarily limitations begin to run from the commission of the offenses, but if the offense is continuous it is not barred where some portion of the

crime is within the statutory period. *Whenever the act or series of acts necessary to constitute a crime have transpired, the crime is complete, and limitations begin to run from that time. * * ***

"These rules have been applied among other cases, to prosecutions of a bankrupt for concealing property from his trustee, and to prosecutions for fraudulent use of the mails, for failing to file an income tax return, and for making false banking entries in reports to the comptroller of currency."

To the same effect is 22 C.J.S., Criminal Law, § 226.

United States v. Hall, D.Conn.1943, 52 F.Supp. 796, also indicates that, in computing the running of the statute of limitations, attention is properly directed to the *actual* date of filing, and not to the *last permissible legal date* of such filing. Thus, it was held, 52 F.Supp. at page 797:

"The motion to quash and the plea in bar are both based on a contention that more than six years have elapsed since the date established by law for the filing of tax returns for the calendar year 1936; that is to say, the indictment having been returned on July 6, 1943, was more than six years after March 15, 1937, and, therefore, barred by the statute of limitations. *This assumes that the crime charged must have been complete on March 15, 1937.* However, the crime charged is not a false return on March 15, 1937, nor a failure to make a return on that date, *but rather a wilful attempt to evade the tax for the calendar year 1936 by means of an act which took place on September 15, 1937,* within the six-year period prior to indictment—*the filing of an alleged false and fraudulent return on that date.* Whether we consider the crime charged as a continuing crime as contended by the government, completed by the last action taken by the defendant to carry out the alleged purpose to evade, in this count, the filing of the return on September 15, 1937 (see United States v. Johnson, 1943, 319

U.S. 503, 515, 63 S.Ct. 1233 [87 L.Ed. 1546]), or whether we consider that the single act of filing a return known to be false for the purpose of evading the tax is in itself a separate offense under the statute, the allegations of the first count sufficiently set forth a violation of the statute by means of the filing of the allegedly false and fraudulent return on September 15, 1937 within the six-year period." (Emphasis added.)

An early annotation on the point here decided is found in 76 A.L.R. 1549.

It is important to note that the construction of the statute of limitations here adopted is the same as that usually applied to enactments of this kind. Thus, the Supreme Court held in Pendergast v. United States, 1943, 317 U.S. 412, 418, 63 S.Ct. 268, 271, 87 L.Ed. 368:

"Statutes of limitations normally begin to run when the crime is complete."

See also 15 American Jurisprudence, Criminal Law, § 345.

Accordingly, the motion is granted in each case.