**UNITED STATES v. MARTELL.**

Cr. Nos. 16547, 16546.

United States District Court
E. D. Pennsylvania.
April 25, 1952.

.Gerald A. Gleeson, U. S. Atty., Philadelphia, Pa., for plaintiff.

Cornelius C. O'Brien, Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

Two indictments were found against the defendant herein. The first considered, No. 16547, in four counts charged the defendant with willfully and knowingly attempting to

defeat and evade part of the taxes due and owing by Dolinda Martell (his mother) to the United States of America for the calendar years 1945, 1946, 1947, and 1948 by preparing and causing to be filed false and fraudulent income tax returns for those years for the said D. Martell; in the remaining four counts, the defendant was accused of knowingly and willfully aiding and assisting, counseling and procuring the preparation and presentation of false and fraudulent income tax returns of D. Martell for the same years. The second indictment, No. 16546, was in four counts, and charged defendant with willfully and knowingly attempting to defeat and evade part of the income tax due and owing by him to the United States for the calendar years 1945, 1946, 1947, and 1948.

The defendant was found guilty on all counts of both indictments. He now moves the Court to set aside the verdicts of guilty and to enter judgment of acquittal or, in the alternative, to grant him a new trial. Eleven specific reasons are assigned in support of the motion. One of these is a general exception to the Court's charge to the jury, incorporating therein the various objections taken at the time of delivery.

1. Defendant vigorously contends that the indictments are duplicitous; that the trial of the indictments should have been severed, and the Government compelled to elect to proceed on one or the other. Counsel for defendant made a motion to this effect before the jury was sworn, the denial of which is here assigned as requiring the entry of judgment of acquittal, or the granting of a new trial. Similarly, one of defendant's proposed points for charge read:

"5. If you find the defendant guilty under any Count of either Indictment then you must acquit the defendant under all Counts of the other Indictment. *The defendant cannot be guilty under both Indictments.*" (Emphasis added.)

The refusal so to charge is presently urged as erroneous.

The Court cannot accept defendant's contention. Most persuasive in its applicability to the case at bar is United States v. Hall, D.C., D.Conn.1943, 52 F.Supp. 796, where it was held:

"Taking up first the motion last mentioned, it is obvious from a reading of the indictments that the crimes charged are separate and distinct offenses. Those of No. 7088 involve the tax due from defendant as an individual, those of No. 7090 the tax due from the corporation, of which defendant is an officer. Both, however, charge offenses which are of the same class of transaction. *There appears no reason why the trial of one set of crimes as set forth in the one indictment should prevent the trial of the other set of crimes charged in the other indictment. Moreover, the counts are not so many in number, nor so diverse in the principles of law applicable, that a jury is likely to become confused in considering the proof relating to the counts of the indictments so that separation for trial is to be considered essential.* There are three counts involving individual income taxes of defendant Almon B. Hall, which necessarily involve evidence concerning the allocation of payments from the corporation to him during the years in question, 1936 through 1938. The same is true of indictment No. 7089 against Louis C. Hall, which also involves three counts and refers to the same years. The indictment No. 7090 against Almon B. Hall and Louis C. Hall charges in the first four counts wilful attempts to evade and defeat portions of the income and excess profits taxes of the Hall Bros. Hatchery, Incorporated, for the calendar years 1937, 1938, 1939, and 1940 respectively, and in the fifth count a conspiracy to wilfully attempt to evade and defeat these taxes for these calendar years. *The crimes charged, the wilful attempts to evade and defeat the individual income taxes, to evade and defeat the corporate taxes, and conspiracy to wilfully attempt to evade and defeat the corporate taxes are of the same class of crimes or offenses. The indictments show that each count involves subject matter closely related to that of the other counts.* Splitting

the indictments up by requiring election would subject each defendant to at least two, and possibly eight, separate trials, necessarily of some little length, in each of which a good deal of the evidence involved in one or more of the other trials necessarily would be repeated. In this situation, election will not be required. 18 U.S.C.A. § 557; Tinkoff v. United States, 7 Cir., 1936, 86 F.2d 868, 876; United States v. Sullivan, 2 Cir., 1938, 98 F.2d 79. The motion to compel the prosecution to elect is denied." (Italics in above passage supplied.)

· See also Locke v. United States, 5 Cir., 1948, 166 F.2d 449, certiorari denied, 334 U.S. 837, 68 S.Ct. 1495, 92 L.Ed. 1763.

■ 2. Defendant here protests the Court's failure to grant a requested charge that: "If there is more than one theory of a case and both are equally reasonable, one leading to guilt and the other to innocence, the jury must adopt the one leading to innocence." It is felt that this aspect was fully covered by the granting of defendant's fourth point for charge, which stated:

"Before you can find the defendant guilty on any Count, guilt must be the only reasonable hypothesis from the evidence presented in this case and unless there is evidence in the case of facts and circumstances which exclude every other reasonable hypothesis but that of guilt, you must acquit the defendant."

■ 3. Defendant further argues that the jury was not properly instructed as to the willfullness required to sustain a conviction under section 145(b) of the Internal Revenue Code, 26 U.S.C.A. § 145(b) (the "defeat and evade" section); that it was error to deny defendant's sixth point for charge. The Court holds that the jury was adequately instructed on this head. Thus, we charged that the burden was upon the Government to show that the defendant filed the return with a bad purpose; that a bad purpose supplied the necessary element of willfulness. In United States v. Murdock, 1933, 290 U.S. 389, 54 S.Ct. 223,

225, 78 L.Ed. 381, the Supreme Court of the United States held:

"The word [willfully] often denotes an act which is intentional, or knowing, or voluntary, as distinguished from accidental. *But, when used in a criminal statute, it generally means an act done with a bad purpose* (Felton v. United States, 96 U.S. 699, 24 L.Ed. 875; Potter v. United States, 155 U.S. 438, 15 S.Ct. 144, 39 L.Ed. 214; Spurr v. United States, 174 U.S. 728, 19 S.Ct. 812, 43 L.Ed. 1150); without justifiable excuse * * *; stubbornly, obstinately, perversely * * *." (Emphasis added.)

■ 4. We consider finally defendant's arguments that the evidence was insufficient to sustain the verdicts; that the Court erred in denying defendant's motions for acquittal made at the conclusion of the evidence; that the Court should have directed verdicts of acquittal. We see no merit in these contentions. Large sums of unreported income were shown by checks individually introduced, and identified by substantial business men as their own; these checks were supported by invoices or, lacking that, by records made in the regular course of business. Defendant's attitude toward the tax laws was peculiarly perverse and reckless, to say the least: for the calendar year 1945, for example, he sanctioned the elimination from the return a $5,779.50 expense item on the books of D. Martell on the ground that such elimination would make matters "safer"; for the calendar year 1946 he calmly added $5,000—a figure apparently arbitrarily chosen—to gross receipts on the return of D. Martell so that a more substantial profit would be shown. It was testified without contradiction that Hamilton Martell's personal return was a strict salary return. Yet he owned stocks and bonds. The testimony given by one of his brokerage houses, for example, showed that Martell turned over to that particular company, *in cash alone*, the estimated sum of $19,387.90 during the very four-year period that his total reported income amounted to only $12,632.09. Dividends

declared on the stock purchased were paid either to Martell directly or to the brokers on his behalf. He also maintained an account in a second brokerage house. We do not attempt now to summarize the evidence; it suffices to say that the record in this case satisfies the Court that the challenged verdicts were eminently just.

■ 5. Three more points raised in the oral argument on this motion will be briefly noted: Defendant argues that the Court's reading a brief excerpt from the testimony of a Government witness, as bearing on the question of the ownership of the business of D. Martell, constitutes prejudicial error. The passage so read comprises less than one page of the transcript. Williams v. United States, 9 Cir., 1937, 93 F.2d 685, 688 is particularly relied upon by the defendant as compelling a new trial. That case is wholly inapplicable to the case at bar. There, as appears from the opinion of the Court of Appeals, the examination of witnesses by the Trial Court filled 220 of the 675 pages of the transcript; it was said to have indulged in "leading and suggestive questions", "unnecessary sarcasm" and "lengthy and inquisitorial cross-examination of the defendants". The Court of Appeals further observed, 93 F.2d at pages 692, 693:

"Again, there are in the charge many pages devoted to summarizing evidence presented by the prosecution, while only meager, hurried, and passing reference is made to the case made by the defense, which called a dozen witnesses and offered in evidence 30 exhibits. Approximately 270 pages of the 656 pages of transcript of testimony are devoted to evidence submitted by the defense. Such volume of testimony, we think, deserved much fuller treatment at the hands of the court.

\*  \*  \*  \*  \*  \*

"In but a single instance did the lower court refer extensively to any part of the defense testimony. *And that single instance was for the purpose of discrediting the testimony of the appellant Black.*"

Even short consideration of Williams demonstrates that it offers no guide to decision here.

■ Defendant also objects to the Court's reference in its charge to a group of witnesses from various well-known commercial concerns as "reputable business people of some standing in this district." Such a comment was entirely proper, and by no means unusual. For example, in Holmes v. Montauk Steamboat Co., 2 Cir., 1899, 93 F. 731, 736, the Second Circuit dismissed as "without merit" an exception to the Trial Court's characterization of a witness as a "well-known and capable member of the bar."

■ Lastly, it is urged that in instructing the jury the Court should not have made mention of the fact that were it in error as to the law, it could be corrected by another Court. Jurors are well aware of the existence of federal appellate courts even in the absence of a specific allusion to them by the Court. The average layman tends to be very conscious of the right of appeal from an adverse determination in a court of first instance. But, more importantly, in Henry v. United States, 1921, 50 App.D.C. 366, 273 F. 330, certiorari denied 257 U. S. 640, 42 S.Ct 51, 66 L.Ed. 411, the appellate court had occasion to pass upon the following statement made by the trial court in overruling a motion for a peremptory instruction of acquittal, 273 F. at pages 336–337:

"I am not going to take the responsibility of taking the view of the law you present and letting this man out; but I shall let the Court of Appeals decide the law points you make. I am going to let the jury say whether the man did this thing and did it with the intent charged."

The comment was not disapproved, and the judgment of guilty was affirmed.

6. Careful consideration has been given to the other alleged grounds of error urged by defendant in his papers and orally. We find no merit in them, and do not regard them as sufficiently substantial to warrant separate discussion.