**UNITED STATES of America,**
**Plaintiff,**

v.

**George CINDRICH, Jr., Defendant.**
**Crim. A. No. 14542.**

United States District Court
W. D. Pennsylvania.

Jan. 3, 1956.

D. Malcolm Anderson, Jr., U. S. Atty., Thomas J. Shannon, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Leonard Boreman, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

George Cindrich, Jr., defendant, was indicted on three counts under Section 145(b) of the Internal Revenue Code of 1939, 26 U.S.C. § 145(b), for "willfully" and "knowingly" "attempting to evade and defeat a large part of the income tax" which he and his wife owed for the years 1948, 1949 and 1951, and accomplishing this "by filing and causing to be filed * * * false and fraudulent * * * return[s]. * * * "

The jury found the defendant guilty of the third count for the year 1951 and acquitted him on the first and second counts for the years 1948 and 1949. The defendant did not offer any evidence. He moves for judgment of acquittal, and, in the alternative, for a new trial.

### Motion for Judgment of Acquittal.

The grounds alleged in support of this motion are that the evidence was insufficient (1) to establish willfulness with intent to evade the payment of income tax for the year 1951, and (2) to establish a substantial deficiency in net income reported for 1951.

In regard to the first ground, we think there was ample evidence to support a finding of willful attempt to evade the tax and from which the jury could have inferred the requisite intent.

As to the second, in our opinion, when the attempt to evade is proved by the specific item method, the prosecution is not required to establish a substantial deficiency in net income.

Examining the evidence favorably to the prosecution, the following facts and inferences could have been found:

The total business receipts reported by defendant for the year 1951 were $133,111.77. His return for that year was false to the extent of $4,680.60, which was 3.39% of his true gross receipts. This deficiency in income was accounted for by 10 checks,[1] most of which were cashed at the bank. None of these items were entered as income in defendant's books; none were deposited in his bank account.[2] He paid $7,182.78 income tax for that year but should have paid $9,124.78. The underpayment of $1,942 is 21.28% of the true income tax due for that year.[3]

About the middle of 1949, a certified public accountant, Mr. Canson, was engaged to organize the bookkeeping methods of the defendant. In doing so, he made the defendant aware of the necessity that the books reflect every detail of the activities of his business. Canson prepared the returns for 1949, 1950 and 1951 from these books.

One of the 10 checks was for $3,500. This check was received by defendant in February, 1951, in the mail at the Post Office, where he endorsed and handed it to a creditor, knowing full well that this check was taxable income, and that it should have been entered as income in his books. It never was. It could have been found that defendant never told his then bookkeeper to enter the $3,500 check in his books.

It was shown that the defendant's income was also understated in his returns for the years 1947 and 1950. In 1947 five checks and in 1950 twenty checks were not entered in his books. The evidence of prior offenses was admissible to prove fraudulent intent. Hoyer v. United States, 8 Cir., 1955, 223 F.2d 134; Emmich v. United States, 6 Cir., 1924, 298 F. 5.

It was shown that in 1949 eight checks were not entered in the books. There was no objection to the admission of this 1949 evidence and no request made to limit it to that year. Helen Cindrich, a sister-in-law, was employed as defendant's bookkeeper from the Fall of 1948 to about the middle of 1951.

1. Record pp. 129–149, Exhibit 123, pp. 8–21.

2. One check, Exhibit 13, may have been deposited as a cash item, but see Record pages 144–145.

3. Mr. Williamson testified to a difference of $1,958 on the same figures, the difference being $16 or .18%.

In 1949 she was instructed by Mr. Canson that it was her duty to record all items of income in the books. The defendant understood that she had been so instructed and was doing just that.[4] Mrs. Cindrich testified that on occasion defendant instructed her not to enter as items of income the proceeds of some of the checks which he received and which she cashed for him at the bank.[5]

█ The defendant had been a successful contractor since 1947. Dorothy S. Redella, his bookkeeper during that year and part of the next, testified that he supervised and corrected her work on the books. Notwithstanding, defendant constantly asserted in his statement to the revenue agents, which was admitted in evidence, that he was not familiar with bookkeeping methods, that he could not understand accounts, that he never really knew how much income his businesses produced, that he relied on his bookkeeper to do the right thing, that he thought everything was in order, and that he never inquired about the accuracy of the books or the correctness of the returns. Defendant contends that the prosecution is bound by this exculpatory matter in the statement which also contained admissions, but we do not agree. See 7 Wigmore, Evidence § 2100 (3d ed. 1940). On the contrary, and especially in view of defendant's "habit" of not entering items of income in his books, it was within the province of the jury to reject defendant's protestations of ignorance and inadvertent neglect.

█ The defendant urges that the facts show no more than a mere understatement of taxable income, citing Holland v. United States, 1954, 348 U.S. 121, 139, 75 S.Ct. 127, 99 L.Ed. 150; United States v. Lindstrom, 3 Cir., 1955, 222 F.2d 761, 763. But we believe that the jury was warranted in concluding that defendant handled the ten items of income in a manner calculated to avoid making the usual records of receiving income from his business, and that this was affirmative conduct "the likely effect of which would be to mislead or to conceal." Spies v. United States, 1943, 317 U.S. 492, 499, 63 S.Ct. 364, 368, 87 L.Ed. 418. The jury could have found that defendant knew his return for 1951 was false to the extent that $4,680.60 of income was excluded from his books. "Obviously, filing a false return is one instance of such affirmative conduct". United States v. Smith, 3 Cir., 1953, 206 F.2d 905, 909.

In United States v. Croessant, 3 Cir., 1949, 178 F.2d 96, 97, 98, it was said:

> "[A] man who files a wilfully false return has endeavored to mislead his government. He creates the appearance of having complied with the law * * *.
>
> * * * * * *
>
> " 'The crime denounced by § 145 (b) * * * is complete when the taxpayer willfully and knowingly files a false and fraudulent return with intent to defeat or evade any part of the tax due the United States.' "

There was considerable evidence, as had been pointed out, of affirmative conduct from which the jury could infer an intention on the part of the defendant to attempt to evade a portion of his income tax for the year 1951. Indeed, as is argued, the facts are somewhat similar to the Lindstrom case, supra, but defendant is like Lindstrom, Sr. and not Lindstrom, Jr. as defendant would have it, in that he failed to include all of his income in the books and records from which the return was prepared. As said in the Spies case and restated in the Holland case—"the jury could have found that these acts supported an inference of willfulness * * *." [348 U.S. 121, 75 S.Ct. 137.]

█ The complaint of the defendant that the evidence as a matter of law failed to establish a substantial deficiency in net income reported for the year 1951 is without merit. It appears that the true net income for that year was

---

4. Exhibit 123, pp. 12, 13.

5. Record p. 409.

$31,174.56; the reported net income was $27,748.32; and, therefore, the deficiency was $3,426.24, which we think is substantial.

■ But, regardless, a substantial deficiency in net income is not required by § 145(b) nor by any decision called to our attention. The defendant cited only Seaboard Excavators, Inc., v. Commissioner, 5 C.C.H.1955 Stand.Fed.Tax Rep. (55–244 U.S.T.C.) ¶7715(M) (Aug. 31, 1955), and Balter, Fraud Under Federal Tax Law 279 (1951), to sustain his argument, but these authorities are dealing with deficiencies in gross income and not net income. And only in cases where the proof of the felony is circumstantial, such as in net worth cases where the gross income is approximated, is it necessary to show that a substantial amount was omitted from the reported income. Cf. Leeby v. United States, 8 Cir., 1951, 192 F.2d 331.

## Motion For A New Trial

■■ The first contention advanced in defendant's motion for a new trial is error in refusing to charge the jury as requested in Points numbered 17, 18 and 19.

Request No. 17 was as follows:

"Where from any item of evidence an inference of guilt or an inference of innocence can be equally drawn, it is the duty of the jury to draw the inference of innocence."

We think the point was properly refused.[6] It is the duty of the jury to consider all the items of evidence, draw inferences therefrom and convict only if convinced of defendant's guilt beyond a reasonable doubt. We thought the request would tend to create confusion in the minds of the jurors, as was emphatically pointed out in Holland v. United States, supra, 348 U.S. at pages 139–140, 75 S.Ct. 127.

■ Request No. 18 was as follows:
"Where the Government witnesses have produced or its documentary evidence contains evidence favorable to the defendant, the Government is bound by that evidence and the jury must consider the favorable evidence produced by the Government as having at least equal weight with the Government's unfavorable evidence."

This point we think is inaccurate as a proposition of law, and if given would have been an invasion of the determining functions of the jury. We presume defendant had in mind Exhibit 123, previously mentioned, which was a question and answer statement offered in evidence by the Government for the admissions of the defendant contained therein. Both sides proposed that the entire document be read to the jury. This was proper pursuant to the rule of completeness so that the admissions could be understood in context. See 7 Wigmore, Evidence, §§ 2094–2125 and particularly §§ 2102, 2103. It would defeat the purpose of the rule if the prosecution were bound by self-serving statements of the defendant also contained in the document. The argument that the prosecution vouches for the credibility of the defendant's self-serving assertions is without authority or reason.

■ Request No. 19 was as follows:
"Where a taxpayer engaged in business has reported a large sum as gross receipts of such business but has failed to report a small amount of additional receipts, the smallness of the unreported receipts in itself gives rise to an inference that the failure to report the additional receipts was not done wilfully."

Since this request emphasized a certain phase of the evidence, it was not demandable as a matter of right. United States v. Pannell, 3 Cir., 1949, 178 F.2d 98.

---

6. Defendant cited the civil case of Pennsylvania R. Co. v. Chamberlain, 1933, 288 U.S. 333, 53 S.Ct. 391, 77 L.Ed. 819, in support of this point which, we think, does not present an analogous factual situation.

Defendant contends that there was error in admitting into evidence Exhibits 93(b), (c) and (d), the same being financial statements presented by the defendant to his bank. The exhibits were admitted as being relevant to the counts covering the years 1948 and 1949. The defendant at no time requested the court to charge the jury that it should not consider those financial statements in connection with the count for the year 1951, and the failure to so charge, we think, is not so prejudicial as to constitute fundamental error.

Defendant was ably and vigorously defended by competent counsel whose skillful efforts unquestionably resulted in the verdicts of acquittal on the first two counts which involved larger deficiencies than the third count. We think his rights under the law and evidence were fully protected.

An order will be entered refusing the motions for judgment of acquittal and for a new trial.